# Webb v. Hawkins Lumber Co.

## *Action of Assumpsit.*

101   630
110   139
101   630
116   242
101   630
124   389
101   630
127   242

1. *Statute of frauds ; promise to answer for debt, default or miscarriage of another.*—When at the instance of one person, goods are sold to another for his sole use and benefit, and any credit whatever is extended to the party to whom the consideration moves, the debt is that of the latter, and the other party's obligation is that of guarantor, which, under the statute (Code, § 1732), to be binding must be in writing.

[Webb v. Hawkins Lumber Co.]

2. *Same.*—When in an action to recover for goods sold, it is shown that the defendant applied to the plaintiff to fill an order for another person, and said that he, the defendant, "would guarantee the bill and pay for it," and that thereupon the goods were shipped and the account was charged on the books of the plaintiff to the person for whom the goods were bought, and that the plaintiff looked for payment to both the defendant and the person for whom the goods were bought, the promise of the defendant was to answer for the debt, default or miscarriage of another (Code, § 1732), and to be binding should have been in writing, expressing a consideration signed by him.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. W. R. HOUGHTON, Special Judge.
The facts of this case are sufficiently stated in the opinion.

ALBERT E. BARNETT, for appellant, cited *Boykin & McRae v. Dohlonde & Co.*, 37 Ala. 577; *Marx v. Bell, Moore & Co.*, 48 Ala. 497; *Clark v. Jones & Bro.*, 87 Ala. 474, 6 So. Rep. 362.

JOHN H. MILLER and F. E. BLACKBURN, *contra*, cited *Marx v. Bell, Moore & Co.*, 48 Ala. 497; *Boykin v. Dohlonde*, 37 Ala. 578; *Rhodes v. Leeds*, 3 Stew. & Porter, 212; *Clark v. Jones & Bro.*, 87 Ala. 474, 6 So. Rep, 362; *Ware v. Morgan*, 67 Ala. 461; 1 Amer. & Eng. Encyc. of Law 401, § 11; Mechem on Agency, §§ 287, 288, 710; *Nicholson v. Moog*, 65 Ala. 471.

McCLELLAN, J.—This cause was heard and determined by a special judge of the circuit court on its merits without the intervention of a jury. Judgment was rendered for the plaintiff, to which the defendant excepted, and the propriety of the court's action in that respect is now presented for our consideration by a bill of exceptions; and it becomes our duty to review that conclusion and judgment on the evidence "without any presumption in favor of the court below," and, if we find error, to render such judgment in the cause as the court below should have rendered, or to reverse the judgment of the trial court and remand the cause for further proceedings, as to this court may seem right. Acts 1888–89, p. 800, § 7.

The action is on an account for goods sold. The appel-

lant and one Vann were joined as defendants. Vann made default, and judgment went against him accordingly. Webb pleaded the general issue and the statute of frauds. The latter plea presented the real issue in the case. Under it the theory of the defense was, that Webb's promise to pay the amount to plaintiff was a promise to answer for the debt of Vann, and; not being in writing, was avoided by the terms of that statute as embodied in the Code, section 1732, sub-section 3. On the trial it was shown that both Webb and the plaintiff were timber dealers or manufacturers. Vann sent an order to Webb for certain lumber, which the latter did not have, and which was of a class not manufactured or dealt in by him. Webb was acquainted with Vann, had had dealings with and furnished him lumber before, and at this time there was an arrangement between them by the terms of which Webb was to supply Vann lumber in payment of the rent of a house which the former had leased from the latter and was occupying at a rental of twenty-five dollars per month. Some rent was due at the time of this transaction. Webb, not being able to fill the order, carried it to plaintiff for the purpose of having it filled by the latter. He had no authority to get the lumber from plaintiff and have it charged to Vann. When the order was presented to plaintiff with Webb's request that he fill it, plaintiff told Webb that he did not know Vann, and inquired if he was good. To this Webb replied in the affirmative. Plaintiff again stated that he did not know Vann, "and Webb then said he would guarantee the bill and pay for it." Plaintiff then shipped the lumber to Vann according to Webb's directions. The account was charged to Vann on plaintiff's books, and the bill was mailed to him. It was afterwards first presented to him for payment. "He said Webb would pay it, as there was an arrangement between Webb and himself by which Webb was to furnish him lumber in settlement for rent of a house. Plaintiff then saw Webb who said he was renting a house from Vann, and would make Vann pay the bill, and that Vann had bought the lumber from him. Plaintiff afterwards saw Webb and Vann together, and Webb repeated his statement that the bill should be paid." Plaintiff testified that he looked to both Vann and Webb for payment: and this is relieved from all doubt by the fact

that he has sued them both, and recovered a judgment against both.

On the foregoing, which we find to be the facts of the case, though there is some conflict in the evidence, we of course cannot hesitate to declare that the credit upon which the lumber was sold was in some degree, at least, that of Vann, and that, unless there is something in the attitudes sustained to each other in this transaction by Webb and Vann to bring the case within an exception to the operation of the statute referred to, the debt was that of Vann, since he received the property which as between him and plaintiff constituted the sole consideration for the indebtedness, and Webb's promise was to answer for the debt of another within the terms of the statute, and hence voidable at his election because not in writing, expressing a consideration and signed by him ; for the rule is that where any credit is extended to the party to whom the consideration moves—where he is looked to at all for payment though the other party may be in much greater degree relied on—the debt is his, and the other party's obligation is that of guarantor, which to be binding must be in writing.—8 Am. & Eng. Encyc. of Law, p. 674, n. 6, pp. 678-9 notes ; *Foster v. Napier*, 74 Ala. 393 ; *Boykin v. Dohlonde*, 37 Ala. 577 ; *Marx v. Bell, Moore & Co.*, 48 Ala. 497 ; *Clark v. Jones & Brother*, 87 Ala. 474, 6 So. Rep. 362.

We do not think the facts in respect of the relations between Vann and Webb take the case out of the statute.    Conceding that Webb was under some sort of obligation to supply lumber to Vann it does not appear that this transaction was intended as a performance of that obligation.    On the contrary, the judgment rendered in this case against Vann demonstrates in a way to conclude the plaintiff on that point that Vann did not receive this lumber in payment of Webb's indebtedness to him, and that by its receipt that indebtedness was in no degree lessened, so that there is no accommodation in the case for the doctrine that a contract though in form to answer the debt of another is original and not within the statute when there is a valuable consideration for the special promise moving directly to the promissor.

Upon like considerations it is manifest that there is no merit in appellee's position that, as the testimony of

Vann shows that Webb was without authority to make the purchase from plaintiff for him, he did not bind Vann thereby, but, on a familiar general rule, having acted as agent without authority to bind the person for whom he assumed to act, he bound himself as in an original and not collateral undertaking. This contention also is forever closed against the appellee by the judgment against Vann which is a conclusive determination that he was bound by the contract made for him with the plaintiff either because of original authorization to Webb, or because of subsequent efficacious ratification of Webb's acts.

We are, therefore, constrained to a different conclusion than that reached by the court below as to Webb's liability, and to hold that his promise was within the statute of frauds, and was avoided on the trial by his plea and the proof of it. The judgment of the circuit court is reversed, and a judgment will be here entered for the defendant Webb.

Reversed and rendered.