# Fuller *v.* Gray.

*Action on an Account.*

1. *Action on an account; statute of frauds; charge to the jury.*—In an action on account for goods sold and delivered, where the defendant pleads the statute of frauds, in that the debt sued on was a debt of one W., and that if he agreed to answer for such debt, his agreement was not in writing, as required by the statute (Code of 1886, § 1732, subdiv. 3), and it was shown that the goods were sold and delivered to W., and the evidence was conflicting as to whether the defendant agreed to be responsible for them, it is error to instruct the jury that if "all the credit was given to the defendant and W. got the goods from the plaintiff, the jury must find a verdict for the plaintiff;" such charge ignoring the essential fact that plaintiff must have been authorized by the defendant to charge the goods to him, which fact was directly controverted.

[Fuller v. Gray.]

2. *Same; same; effect of charging the goods upon the books of plaintiff to third person.*—In such an action where the plaintiff seeks to recover from the defendant the price for the goods sold and delivered to one W., the fact that the plaintiff had charged the goods to both the defendant and W., is not conclusive proof that the plaintiff looked to W. for payment, when there was evidence that the defendant instructed the plaintiff to keep the account in that way, so that the defendant might distinguish his individual purchases from those of W.

3. *Same; same; effect of bringing suit against third party.*—In such an action, where the plaintiff seeks to recover from the defendant the price for goods sold and delivered to W., the fact that the plaintiff had recovered judgment in the justice's court against both the defendant and W., is not conclusive to prove that he looked also to W. for payment, when there was evidence that the justice of the peace, before whom said suit was brought, had disregarded the plaintiff's instructions to sue defendant alone, and that plaintiff had had the judgment set aside.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. N. D. DENSON.

The appellee, William Gray, brought the present action against the appellant, A. T. Fuller, and counted upon the common counts. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charge : (1.) "If the jury believe from the evidence that all the credit was given to Fuller, and that Whatley got the goods from Gray, then the jury must find a verdict for plaintiff, and assess his damages at the amount of the account with interest on the same from the day it was due to the date of this trial." The defendant separately excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by him : (1.) "If the jury believe all the evidence in this case, they will find for the defendant." (2.) "If the jury find from the evidence in this case that the plaintiff, Gray, brought suit against both B. W. Whatley and A. T. Fuller, this is conclusive evidence that Gray looked to Whatley for payment of the debt sued for in this case, and Fuller would not be liable, and your verdict should be for the defendant." (3.) "If the jury believes from the evidence in this case that the plaintiff Gray, by his attorney, asked for and took a judgment

[Fuller v. Gray.]

against Whatley in the justice court for the debt sued for in this case, then your verdict should be in favor of the defendant.''

There were verdict and judgment for the plaintiff. Thereupon the defendant made a motion for a new trial, upon the ground that the verdict was contrary to the evidence and was contrary to law, and that the court erred in refusing to give the general affirmative charge in favor of the defendant. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the giving of the charge requested by the plaintiff, and the refusal of the charges requested by the defendant, and the overruling of the defendant's motion for a new trial.

JAMES W. STROTHER and SORRELL & SORRELL, for appellant.—The evidence showed without conflict that the account sued on was charged on plaintiff's books to both B. W. Whatley and A. T. Fuller, and it further showed that plaintiff had brought suit against both B. W. Whatley and A. T. Fuller, in a justice court and had recovered judgment against both, and further that on appeal being taken to the circuit court plaintiff again recovered judgment against both B. W. Whatley and A. T. Fuller on a trial of the case in that court. This is conclusive evidence that plaintiff was looking to Whatley, as well as to Fuller, for payment of the debt, and that some credit, at least, was given to Whatley.— Webb v. Hawkins Lumber Co., 101 Ala. 630. The evidence is also without conflict that the goods were sold to Whatley, and that he got the benefit of them. Fuller never having received any part of the goods. This being true, the debt was the debt of Whatley and was not binding on Fuller, and the general affirmative charge ought to have been given in favor of the defendant under his plea of the statute of frauds. The court, therefore, erred in refusing to give charge number 1, as requested by defendants.— Webb v. Hawkins Lumber Co., 101 Ala. 630 ; Boykin v. Dohlonde, 37 Ala. 577 ; Clark v. Jones & Bro., 87 Ala. 474.

GARRETT & LACKEY, contra.—The charge numbered 1, given by the court at the request of the plaintiff, was free from error. A party has a right to instructions

[Fuller v. Gray.]

based on a hypothesis favorable to himself, which the evidence tends to support. Such instructions are not objectionable, because based on a partial view of the evidence, as his adversary may request contrary instructions, or instructions founded on a contrary hypothesis, so far as the evidence will authorize."—*Bibb v. Mitchell,* 58 Ala. 664; *Griel v. Marks,* 51 Ala. 566; 3 Brick. Dig., 113, § 110 and authorities cited.

COLEMAN, J.—This action began in a justice's court, the consideration of the claim being for goods sold and delivered. All the assignments of error are based on the rulings of the court upon instructions to the jury, and the overruling of defendant's motion for a new trial. The defendant Fuller (appellant here) pleaded the general issue, and specially, that the debt was the debt of one B. W. Whatley, and that if he (defendant) ever agreed or promised to pay the same, it was a promise to answer for the debt, default or miscarriage of another, and was not in writing, with the consideration expressed in writing, and was, therefore, void under the statute of frauds.—Subdiv. 3 of § 1732 of Code of 1886. There was no conflict as to the fact that the goods were sold and delivered to Whatley. Plaintiff's evidence tended to show that this was done upon an agreement made with Fuller and by his directions, he being responsible for them. Fuller denied that he ever gave any such instructions or made any such agreement, and there was some other evidence tending to sustain him. The conflict in the evidence upon this issue did not warrant the giving of the first instruction to the jury, requested by the plaintiff. This charge instructed the jury, that if "all the credit was given to Fuller, and that Whatley got the goods from Gray, the jury must find a verdict for the plaintiff," &c. This charge ignores the essential fact, that plaintiff must have been authorized by the defendant to charge the goods to him, a fact directly controverted. The giving of credit alone, unless authorized by the defendant, would not make the defendant liable.

The fact that the account was made out against Whatley and Fuller, that the justice sued both, and judgment was rendered against both defendants, in view of other evidence in the case, was not conclusive upon

16

plaintiff that he looked to Whatley for payment, and that some credit was given to him. On these questions the plaintiff's evidence tended to show that he was instructed by Fuller to keep the accounts in this way, so that he (Fuller) might distinguish his individual purchases from that of his tenant Whatley. The evidence of the plaintiff tended further to show that the justice of the peace was informed that the debt was that of Fuller alone, and he was instructed to sue him only, and contrary to instructions the summons and complaint were made out by the justice against both. The record is not clear, but our conclusion is that the plaintiff had this judgment set aside and prosecuted to judgment only the suit against Fuller. Many of the authorities which bear upon the questions involved are collected in the note to section 1732 of the Code of 1886.—*Webb v. Hawkins Lumber Co.*, 101 Ala. 630 ; *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34.

We find no error in the record except the giving of instruction number one, above noticed, for which the judgment must be reversed.

Reversed and remanded.