# Fuller v. Gray.

*Action on Account.*

1. *Statute of frauds; when it applies.*—Where suit is brought to recover the price of goods sold, and the contention arises whether or not the statute of frauds applies to the contract of sale, the decisive question is, to whom was the credit given? If the goods were sold on the sole credit of the defendant, his promise is original and not within the statute, but if any credit was given to another person to whom the goods were delivered the promise is collateral and within the statute.

2. *Instruction of principal to agent; when admissible.*—The instructions of a plaintiff given to his agent as to the manner of bringing a suit which the agent is directed to institute, is competent evidence in the trial of another cause by the same plaintiff when it goes to sustain a replication by the plaintiff to a plea of the defendant, to which the defendant has taken issue.

3. *Appeal bond; when competent evidence.*—In a suit on an account where the defendant sets up by plea that another than the defendant had been sued by the plaintiff in a justice court on the account and judgment rendered against him, it is not error to admit in evidence the appeal bond taken in the cause referred to in the plea, to show that no judgment had been rendered as averred in the plea.

3. *Charges; properly refused which ignore replication.*—Charges are properly refused to a defendant which ignore the facts set up in plaintiff's replication upon which issue was joined, and which the evidence tends to establish, and which are predicated on defendant's pleas alone without regard to the replication.

APPEAL from Tallapoosa Circuit Court.

Tried before Hon. N. D. DENSON.

Action on account by Gray against Fuller. Defense, the statute of frauds, the defendant alleging that the account was not on his promise as an original undertaking, but that the credit was given to one Whatley, and if defendant ever promised to pay it was not in writing

[Fuller v. Gray.]

and was a promise to answer for the debt or default of another. The third plea of defendant was that the plaintiff had sued Whatley in the justice court for the same debt now sued on, and had obtained judgment thereon. To this plaintiff replied that he did not know that Whatley had been sued in the justice court, or that any one had been sued except Fuller. Issue was taken on this replication.

The facts are stated in the opinion.

JAS. W. STROTHER and SORRELL & SORRELL, for appellant.—The conversation between Corprew and Davenport, the justice of the peace, could not be competent testimony against the defendant.—*Stallings' Admr. v. Hinson,* 49 Ala. 92.

THOS. L. BULGER, *contra.*—The question to Corprew about Gray's instructions about bringing the suit was proper.—72 Ala. 117; 75 Ala. 447; 37 Ala. 222.

HARALSON, J.—Suit upon the common counts for a debt claimed by William Gray, plaintiff, against A. T. Fuller, defendant.

The point of contention in this case is, whether or not the goods, the sale of which is the foundation of the action, were sold to defendant, Fuller on his credit alone, or to Whatley. The decisive question in such cases is,—To whom was the credit given? If the goods were sold on the sole credit of the defendant, his promise is original, and not within the statute; but if any credit was given to the person to whom the goods were delivered, the promise is collateral and within the statute. *Boykin v. Dohlonde,* 37 Ala. 577; *Webb v. Hawkins L. Co.,* 101 Ala. 630; *Fuller v. Gray,* 116 Ala. 238.

There was no conflict as to the fact that the goods were delivered to Whatley. The plaintiff's evidence tends to show, that this was done upon an agreement with defendant and upon his direction, he being responsible for them, and that he desired the account kept against Fuller and Whatley for his, Fuller's, convenience. The evidence for defendant tended to show, that he never made such an agreement, and gave no such directions. The evidence also tended to show, that plaintiff had instituted a suit before a justice of the peace against defendant and Whatley jointly, to recover the amount of

this account, but the judgment entry in the justice's court shows, that on the trial of said cause, no pleas having been filed by defendant, Whatley, the suit against him was withdrawn on motion of plaintiff's attorney and a judgment by default was taken against defendant, Fuller, for the amount of plaintiff's demand and costs, from which judgment an appeal was taken to the circuit court by defendant. When the case appeared in the circuit court on this appeal by Fuller, it appears to have been docketed as Wm. Gray v. B. W. Whatley, A. T. Fuller,—as it originally stood in the justice court,—and on the trial of that cause in the circuit court at the Fall Term 1895, it appears from a judgment entry therein, entered on September 20th of that year, that judgment was rendered against both defendants for the amount of plaintiff's demand and costs; but it reasonably enough appears that this judgment was rendered against Whatley by mistake, since the case had already been discontinued as to him in the justice's court, and he was no longer a party to the suit in the circuit court, carried there by Fuller, on his own appeal from the judgment rendered against him alone by the justice. A motion was made for a new trial, by whom it is not shown, which was granted, and the cause was reinstated on the docket as pending. It again appears, that a few days thereafter,—on the 27th September, 1895,—the plaintiff took a non-suit in the case. Afterwards, on the 11th day of October, 1895, this suit was commenced in the circuit court on the same claim that was involved in the suit before the justice of the peace, in which, on appeal by defendant to the circuit court, the plaintiff took a non-suit.

One Corprew, the book-keeper for plaintiff, was examined by him, and stated that he brought the suit in the justice's court. The plaintiff asked him to "State what Gray said to you about bringing the suit on the account in the justice's court, when he instructed you to bring the suit?" Defendant interposed a general objection to the question, which the court overruled. The witness replied, "He told me to make out the account and sue A. T. Fuller. I carried it to Mr. Davenport, the justice of the peace, and told him to bring suit against Fuller." There was no error in the admission of this

[Henderson v. Hosfeldt *et al.*]

evidence, and in refusing to exclude it. It tended directly to sustain plaintiff's replication. If the justice instituted the suit contrary to instructions, and the manner of its bringing was unknown to plaintiff, he certainly could not be estopped to show a mistake on the part of the justice in bringing the suit, especially as he had replied his ignorance of the manner in which the suit was brought, and defendant had taken issue on the replication.—*Fuller v. Gray, supra.* This ruling applies alike to the 3rd assignment of error. Nor was there any error in allowing the appeal bond of Fuller to be introduced. It tended to disprove defendant's 3rd plea, and to show that no judgment had been rendered against Whatley by the justice.

The 4th and 13th refused charges of defendant, were argumentative and misleading. They as well as the other charges refused, ignore entirely any reference to the facts set up in plaintiff's replication, upon which issue was joined,—and which the evidence tended to establish,—and are predicated upon the defendant's pleas alone, without regard to said replication.

Finding no error in the record, the judgment must be affirmed.

Affirmed.