# Davie *v.* Roland.

## *Assumpsit.*

(Decided Feb. 6, 1912.   57 South. 1034.)

1. *Evidence; Documentary Evidence; Account Books.*—Where it appeared that plaintiff did not personally sell to the defendant all the items charged in his account book, and did not himself make all the entries therein, some of them being made by his wife, and as to the correctness of these he did not claim to have had personal knowledge, either at the time of the sale or when the items were charged, such books were not admissible.

2. *Same.*—Where a person offering his account books as evidence has had a clerk who is not shown to be dead, inaccessible or disqualified, the books were not admissible under section 4003, Code 1907, as the conditions prescribed by the statute were not shown to exist.

3. *Witnesses; Examination; Refreshing Memory.*—Where a plaintiff offered his account books as proof of the account against the defendant, he can refresh his memory by reference to entries made therein at or near the time of the sale referred to, if he has personal knowledge of the correctness of such entry; but as to entries of which he has has no personal knowledge, he cannot do so.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by G. E. Roland against M. S. Davie. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PACE & CHAPMAN, for appellant.   The court erred in permitting the plaintiff to refresh his memory by reference to the book.—*Jacques v. Horton,* 76 Ala. 238; *Galloway v. Varner,* 77 Ala. 541; *Stoudenmire v. Harper,* 81 Ala. 241; *Anderson v. English,* 121 Ala. 272.   On these same authorities it is insisted that the court erred in admitting the account books in evidence as the entries were not shown to have been made by plaintiff, and he is not shown to have had personal knowledge of

[Davie v. Roland.]

several of the items; nor did he show a compliance with the conditions prescribed by section 4003, Code 1907.

R. P. COLEMAN, for appellee. The witness was properly permitted to refresh his memory by a reference to the books.—*Acklin v. Hickman,* 63 Ala. 494; 3 Mayf. 523. The books were competent and properly admitted.—17 Cyc. 377 and 392. In any event, it appears that no injury resulted in the admission of the books, as the defendant's testimony was that he could testify as a matter of independent knowledge.—*Anderson v. English,* 121 Ala. 272, and authorities supra.

WALKER, P. J.—The testimony of the plaintiff (the appellee here) in reference to the book to which the court permitted him to refer for the purpose of refreshing his memory as to the account sued on, and which subsequently it permitted him to offer in evidence, showed that he did not sell all the items charged thereon to the defendant, and did not make all the entries thereon, a number of them being identified by him as having been made by his wife, as to the correctness of which he did not claim to have had personal knowledge at the times the sales were made or when the items were charged. On this testimony it was error to admit the book in evidence over the defendant's objection, seasonably interposed.

The evidence did not show the existence of the conditions under which the statute (Code 1907, § 4003) authorizes "the books of account of any merchant, shopkeeper, physician, blacksmith, or other person doing a regular business and keeping daily entries thereof" to "be admitted in evidence as proof of such accounts." We understand the requirement of this statute to be that the three conditions set out in it must concur to

[Davie v. Roland.]

render a book of account admissible in evidence as proof of an account contained in it. The first of these conditions is "(1) that he kept no clerk, or else the clerk is dead or otherwise inaccessible, or for any other reason the clerk is disqualified from testifying." In the present case it appeared from the testimony that the plaintiff did keep a clerk, and it was not made to appear that the clerk was dead or otherwise inaccessible, or that he was disqualified from testifying. Certainly such a meaning is not to be imputed to this statute as to give it the effect of authorizing, in such an event, the admission of the book in evidence as proof of the account sued on, upon showing the existence of either or both of the other conditions expressed in the statute, namely: "(2) Upon proof (the party's oath being sufficient) that the book tendered is his book of original entries; (3) upon inspection by the court, to see if the books are free from any suspicion of fraud."

It was permissible to allow the plaintiff, for the purpose of refreshing his memory, to refer to entries on the book, made at or near the times of the sales referred to, of the correctness of which he had personal knowledge; but as to items on the book in reference to sales of which he had no personal knowledge, neither his testimony nor the entries on the book in reference to such items were admissible, in the absence of other competent evidence tending to show that such entries spoke the truth.—*Stoudenmire v. Harper Bros.*, 81 Ala. 242, 1 South. 857; *Horton v. Miller & Bro.*, 84 Ala. 537, 4 South. 370; *Louisville & Nashville R. Co. v. Cassibry*, 109 Ala. 697, 19 South. 900; *Wagar Lumber Co. v. Sullivan Logging Co.*, 120 Ala. 558, 24 South. 949.

Reversed and remanded.