# Stewart Bros. *v.* Harris, Cortner & Co.

## *Conversion.*

(Decided November 19, 1912.   60 South. 445.)

1. *Appeal and Error; Review; Voluntary Non Suit.*—Where a party takes a voluntary non suit on account of certain rulings of the court, rulings which did not occasion the taking of the non suit will not be reviewed on appeal.

2. *Trover; Chattel Mortgages; Damages.*—Where one claims for the conversion of mortgaged property against a third person, the measure of damages is the amount of the mortgaged debt, not exceeding the value of the property alleged to have been converted, and hence, in such an action it is necessary to prove the amount of the debt.

3. *Same; Evidence.*—Where a mortgagee suing in conversion testified on direct examination that the full amount evidenced by the note and mortgage had been advanced to the mortgagor, but it appeared on his cross examination that he had no personal knowledge of these facts, his testimony on direct examination is properly excluded as a mere conclusion of the witness.

4. *Evidence; Documentary Evidence.*—Under section 4003, Code 1907, an account book is not admissible, although found free from any suspicion of fraud upon inspection by the court, unless the other two required conditions of the statute are shown.

5. *Witnesses; Refreshing Memory; Books of Account.*—The testimony of a witness who refreshes his recollection by reference to the copies of the entry on books of account which are not admissible is also inadmissible.

5. *Damages; Evidence; Sufficiency.*—In an action for conversion brought by a mortgagee against a third person, evidence that the mortgagor did trading at the mortgagee's store, but which identified no single item advanced, nor proved its price or value, was not sufficient to justify the imposition of more than nominal damages, and hence, it was proper to instruct that under the evidence, the plaintiff was entitled to no more than nominal damages.

[Stewart Bros. v. Harris, Cortner & Co.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by S. E. Stewart & Bros. against Harris, Cortner & Company, for damages for the conversion of certain cotton alleged to have been mortgaged to plaintiff for advances to make a crop. Judgment for defendant and plaintiff appeals. Affirmed.

TIDWELL & SAMPLE, for appellee. Counts 1 and 2 are in Code form, and therefore, sufficient. The others were in Code form as near as may be and were sufficient. The court erred in excluding the testimony to the effect that the full amount evidenced by the note and mortgages had been advanced.—*Prior v. Johnson,* 32 Ala. 27; *Sullivan T. Co. v. Brushagel,* 111 Ala. 118. The account books were admissible under section 4003, Code 1907. Plaintiff, under the evidence, is entitled to more than nominal damages, and the court erred in giving the charge requested.—*Dyer v. The State,* 7 South. 267; *Forsythe v. Preer,* 62 Ala. 443; 7 Cyc. 31; 15 S. C. 617; 2 Jones on Mortgages, 1491. It was not necessary that plaintiff should establish their debt by direct and positive evidence.—*L. & N. v. Lancaster,* 121 Ala. 471; *Anderson's case,* 109 Ala. 129.

E. W. GODBEY, for appellee. Where a plaintiff takes a non suit because of adverse ruling, the court will not examine on appeal any rulings except those making the non suit necessary.—*Waternslaben v. Haithcock,* 80 Ala. 566; *Engel v. Patterson,* 52 South. 397. The evidence was properly excluded as it was demonstrated on the cross that it was a mere conclusion.—*Am. O. E. Co. v. Ryan,* 112 Ala. 337; *Wes. Assur. Co. v. Polk,* 104 Fed. 649. The burden was upon the mortgagee to show that advances had been made.—Jones on Mortgages, sec. 367

and 378. It was incumbent on plaintiff to show what was actually due.—27 Cyc. 1613. The books were not properly authenticated.

WALKER, P. J.—The rulings of the court in sustaining demurrers to certain counts of the complaint are not available to the appellants (plaintiffs below) on this appeal, as those rulings were not the ones which occasioned the taking of the nonsuit.—*Engle v. Patterson, et al.*, 167 Ala. 117, 52 South. 397.

The claim of the plaintiffs to the cotton alleged to have been taken and converted by the defendants was based upon chattel mortgages which were given to the plaintiffs to secure advances to be made by them; neither of the mortgages securing any other indebtedness. It was material for the plaintiffs to prove the amounts of the debts created by advances made under the mortgages, as the damages recoverable by them were to be measured, not by the value of the thing taken or converted, but by the value of their interests; that is, the amounts of the mortgage debts, not to exceed the value of the property.—*Ryan et al. v. Young*, 147 Ala. 660, 41 South. 954; *Seibold v. Rogers*, 110 Ala. 438, 18 South. 312.

When it developed on the cross-examination of the plaintiff S. E. Stewart that he had no personal knowledge of the things supplied to the mortgagors or of the value or price of them, the court, on motion of the defendants, excluded the statement which he had made on his direct examination to the effect that the full amounts evidenced by the notes secured by the mortgages had been supplied or advanced to the mortgagors. There was no error in this ruling, as it was clearly made to appear that the part of the testimony of the witness which was excluded expressed a mere conclu-

sion of his which was not founded on his knowledge of
the facts.  The same remark is applicable to the ruling
of the court in excluding a similar statement by J. F.
Stewart, another plaintiff.  As to the suggestion that it
is possible that the excluded statements were based, in
whole or in part, on admissions by the debtors of the
correctness of the accounts against them, it is enough
to say that there was no hint in the testimony that
either of them had made such an admission or that
either of the accounts had been stated and acquiesced in.

Under the statute referred to in argument (Code, §
4003), the accounts in question were not provable by
showing them as they were set out in the book which
was produced.  It is not claimed that the evidence
showed the existence of the three conditions stated in
that statute.  The suggestion that it is sufficient under
that statute to show the existence of either of the con-
ditions stated cannot be approved.  Certainly the pur-
pose is not to be imputed to the Legislature of author-
izing by that statute an account to be proved by a book
as to which nothing more is shown than a compliance
with the third condition stated, namely that, upon an
inspection by the court of the book by which an account
is proposed to be proved, it was found free from any
suspicion of fraud.  The court did not err in sustain-
ing the objections of the defendants to this evidence of
the accounts.—*Davie v. Rowland,* 3 Ala. App. 567, 57
South. 1034.

From the conclusion that the accounts were not prov-
able by the book itself upon which they were entered,
it follows that the court was not in error in excluding
the statements as to the amounts due on the accounts
made by the witness Packett, whose testimony in refer-
ence to them was shown to be based, not upon personal
knowledge of the correctness of any of the items, but

upon the entries found in the book, or rather upon copies of such entries by which he was asked to refresh his recollection as to matters in regard to which he disclaimed ever having had personal knowledge. This evidence was of a lower grade than that furnished by the book, which has been held to have been properly excluded.

The result of the rulings above referred to by which evidence offered by the plaintiffs was excluded was that there remained before the jury evidence furnishing some support for a conclusion that the mortgagors did some trading at the store of the mortgagees, obtaining some supplies or advances on the security of the mortgages, but no evidence at all to identify a single item so obtained or to prove the price or value of the whole or any part of the things supplied on either of the mortgages. In other words, there was evidence tending to show that something was due on the mortgages, but an entire absence of evidence to show what amount was due or owing on either of them. In this situation the jury might properly have found a verdict in favor of the plaintiffs, but a finding for anything more than nominal damages would have been unsupported by evidence. The charge given by the court did not involve a denial of the plaintiffs' right under the evidence to a verdict in their favor, but was to the effect that, if the jury believed the evidence, they could not find for the plaintiffs for more than nominal damages. We are not of opinion that the court was in error in giving that charge.

Affirmed.