## Stokes v. The State.

*Violating Prohibition Law.*

(Decided June 1, 1915.   69 South. 303.)

1. *Witnesses; Refreshing Recollection; Memorandum.*—Where a permanent record kept by an express company in its regular course of business contained the character of the goods embraced in shipments, the names of the consignee, the weight of the parcels, dates of delivery, and the names of the persons to whom delivery was made, and the record was made in part from way bills which accompanied the shipments, and when shipment was delivered to the consignee, the agent of the express company making the delivery indicated thereon that he made the delivery, and it was customary for the consignee to sign his name, although in some instances the employee of the company signed the name, witnesses could refer to the respective memoranda made by them to refresh their recollection as to the transaction of delivery.

2. *Same.*—A witness may use entries in a book made by him or by defendant in his presence to refresh his recollection as to the transactions evidenced by the entries.

3. *Appeal and Error; Harmless Error; Evidence.*—If the court committed error in allowing a witness to refer to a memoranda in a book made by a third person, indicating as to the deliveries of goods to defendant of which witness had no personal knowledge, such error was cured by the action of the court in suspending the trial, and allowing the production of witnesses who made the deliveries disclosed by the memoranda, and who testified as to such delivery.

4. *Trial; Suspending; Discretion.*—It is within the discretion of the trial court to suspend a trial for the purpose of producing witnesses for the state, as to certain matters, and the court's action is not reviewable except for gross abuse.

5. *Trial; Reception of Evidence; Objection.*—A general objection to testimony that is not patently immaterial is not availing as a basis of error on appeal.

6. *Witnesses; Contradiction; Stenographic Report.*—In the absence of a predicate laid for the impeachment of a witness whose testimony

had been given in the presence of the jury, it was not erroneous to decline to permit the reading to the jury of the stenographic report of the testimony of the witness.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Jim Stokes was convicted of violating the prohibition law, and he appeals. Affirmed.

BALDWIN & MURPHY, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—(1) The book to which Martin and other witnesses for the state were allowed to refer for the purpose of refreshing their recollection was the permanent record kept by the express company in the usual course of its business, and on which was recorded the character of the goods embraced in the shipment, the name of the consignee, the weight of the parcel and the date of delivery, and the name of the person to whom delivery was made. This record was made in part from the waybills accompanying the shipment. The evidence showed that when a shipment was delivered to the consignee the employee of the express office who made the delivery indicated that he made the delivery by a certain letter, for instance, the witness Martin used the letter "B," and it was usual for the consignee to sign his own name, but in some instances the employee of the express company signed the name of the consignee.

The court, over a general objection of the defendant, in which no ground was specified, allowed the witnesses to refer to the respective memoranda made by them to refresh their recollection as to the delivery of liquor to the defendant, and after reference to the memoranda the evidence shows that the recollection of the witness was

so refreshed that he could testify to the delivery, the date of the delivery, and the goods delivered. This ruling of the court was well within the rule.—*B. R., L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 241; *Davie v. Roland,* 3 Ala. App. 567, 57 South. 1034; *Hitt Lumber Co. v. McCormack, infra,* 68 South. 696. The book used by the witnesses was not offered in evidence, and the question of its admissibility is not presented in this case.

(2) The testimony of the witness Martin was not to the effect that all the entries on the book were correct, but that by reference to the book he was enabled to testify that he delivered to the defendant certain goods, and identified the defendant's signature on the book. The purpose of the testimony was not to prove the correctness of the entries in the book so as to make it admissible as evidence, but the entries on the book made by the witness or in his presence by the defendant were referred to to refresh the recollection of the witness. This differentiates this case from *Young v. State,* 9 Ala. App. 55, 64 South. 171, and cases there cited, and brings it within the rule laid down in *B. R., L. & P. Co. v. Seaborn, supra.*

(3, 4) If it was error for the court not to rule on the motion of the defendant to exclude the testimony of Martin with reference to what certain memoranda on the book made by other persons indicated, as to deliveries of goods to the defendant of which he had no personal knowledge, all injury was averted by the subsequent action of the court in suspending the trial and allowing the state to produce the witness who made these other deliveries, and who testified fully as to such deliveries, and the action of the court in suspending the trial for this purpose was one of discretion not subject

[Weyms v. The State.]

to review, except for gross abuse of discretion, and such gross abuse is not here shown.

The rulings of the court as to the testimony given by the witness Wilson are sustained by the rules heretofore stated.

(5) The rulings of the court can be sustained on another ground. It has been repeatedly held that a general objection to testimony that is not patently immaterial is unavailing as a basis for error on appeal, and all of the objections made by the defendant were general objections.

(6) The court properly refused to allow the stenographic report of the testimony of the witness Martin to be read to the jury. No predicate was laid for his impeachment, and the testimony of the witness had been given in the presence and hearing of the jury, and it was for them to determine from that evidence what witness had sworn. To lay down a rule that a party has the right to have the testimony of every witness given during the trial read to the jury from the stenographic report would entail intolerable delay of the trial.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.