# Shepherd *v.* Butcher Tool & Hardware Co.

### Assumpsit.

#### (Decided December 7, 1916. 73 South. 498.)

1. **Frauds, Statute of; Answering for the Debt of Another; Agents.**— Where the complaint contained the common counts and a special count alleging merchandise sold to the defendant through his agent acting within the line and scope of their authority, demurrers on the ground that the basis of the suit was an account made by another or a special promise to answer for the debt, default or miscarriage of another and that no memorandum in writing signed by the parties sought to be charged it alleged, were properly overruled.

2. **Principal and Agent; Purchase by Agent; Action.**—Where the action was assumpsit for goods sold to the defendant through his agents a plea that the defendant was a bona fide purchaser for value from his agent without notice of plaintiff's claim was inapt.

3. **Pleading; Special; Matters Available Under General Issue.**—Under the rule that matters available under the general issue may be given in evidence without special plea error cannot be predicated on the action of the court in

[Shepherd v. Butcher Tool & Hardware Co.]

sustaining a demurrer to a plea setting up want of authority of defendant's agents.

4. **Evidence; Account Book; Loose-Leaf Ledger.**—An original leaf from the loose-leaf ledger book of the plaintiff is admissible as evidence under § 4003, Code 1907.

5. **Witnesses; Leading Question; Special.**—The allowance of a leading question to direct the attention of the witness to the matter about which he is being interrogated is within the discretion of the trial court.

6. **Principal and Agent; Termination; Evidence.**—Where the action was assumpsit for merchandise furnished defendant through his agent testimony by the agent as to why his contract with his principal was taken away from him was properly excluded, but testimony as to whether or not the contract was in force and as to the time of its termination was admissible.

7. **Evidence; Sales; Memorandum.**—Testimony by agent for the plaintiff as to the sale of the material to the defendant the amount thereof, and a memorandum made thereof by such agent was competent as tending to show to whom credit was given.

8. **Appeal and Error; Harmless Error; Evidence.**—Where no answer was made to the question error cannot be predicated upon the action of the court in overruling an objection to the question.

9. **Witnesses; Interest or Bias; Business Relations.**—As tending to show the interest or bias of a witness for defendant it was competent for plaintiff to cross-examine such a witness as to money borrowed without security by such witness from defendant or his agent.

10. **Charge of Court; Recovery.**—Charges asserting that if the jury is satisfied from the evidence that plaintiff has proven one of several counts of his complaint he should recover are proper.

11. **Payment; Burden of Proof.**—The burden is on a defendant to prove his special plea of payment.

12. **Frauds, Statute of; Instructions.**—Where the defense was that credit was given to another than defendant, under the statute of frauds, a charge that if credit was given to the defendant the statute had no application, was proper.

13. **Same; Sales.**—Where goods are delivered to a contractor for the construction of defendant's house any promise made by the defendant to pay for same would be collateral and within the statute, but where the credit was given to the owner of the house the contract was not within the statute.

14. **Sales; Evidence; Parties.**—If the merchandise was furnished to a contractor who was erecting a house for defendant on the credit of the defendant, evidence that the defendant was notified that the sale and shipment were made on his credit alone and that he was notified of the true facts before the material was used in the construction of the house, was competent as tending to show an evidentiary fact.

15. **Same; Price; Jury Question.**—Under the evidence in this case it was for the jury to say whether the merchandise furnished to the contractor was furnished on defendant's credit, and hence the affirmative charge was properly denied the defendant.

16. **Sales; Delivery.**—A shipment of merchandise to the defendant F. O. B. cars when delivered to the railroad company prima facie vested title in the defendant and was a delivery to him.

[Shepherd v. Butcher Tool & Hardware Co.]

17. **Assumpsit; Instructions.**—In an action for merchandise furnished to contractor of the defendant on the credit of the defendant, where there was evidence tending to show ratification by the defendant and the use of the material after notice to him that he was looked to for payment, an instruction to him that express authority of the defendant for the purchase of the material was necessary in order to bind the defendant, was misleading and properly refused.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by the Butcher Tool & Hardware Company against J. C. Shepherd. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911 (Laws 1911, p. 450) § 6. Affirmed.

The substituted counts were as follows: The record showing that original counts were 4, the common count, and that counts 5 and 6 were added by way of amendment, count 5 being the common count, and count 6 being for goods, wares, and merchandise or building material sold to defendant through L. F. Leeper & Co., the servants, agents, or employees of defendant, acting within the line and scope of their authority as such agents, for use in a certain building at the time of said sale by said Leeper & Co. for defendant at Berry, Ala. The effect of the demurrers are that the basis of the suit is an account made by another or a special promise to answer for the debt, default, or miscarriage of another, and that no memorandum in writing signed by the party sought to be charged is alleged. The first plea is that defendant was a bona fide purchaser from Leeper & Co. of the property for value without notice or knowledge of any claim or interest of plaintiff thereto. The fourth plea is that the basis of this suit is for materials alleged to have been furnished by plaintiff to Leeper & Co., and defendant says that he in no wise authorized or consented to the purchase of said materials for or on his account, and had no notice or knowledge that this was done if in fact it was done. The twenty-third assignment of error is error in sustaining objection to appellant's question to the witness Shepherd:

"I will ask you if you recall whether or not anything was said in that conversation when Mr. Martin was there the last time about an estimate having been made by the architect for Leeper & Co., to pay for this material?"

The following charges were given for plaintiff:

(A) If you are reasonably satisfied from the evidence that plaintiff has proven one count of complaint, then plaintiff has proven its case.

(D) If you are reasonably satisfied from the evidence that plaintiff's complaint, or either count thereof, be true, after considering the special pleas, and all the evidence in the case, then your verdict should be for plaintiff.

(B) The burden of proof is on the defendant to prove his special plea of payment, and if you are not reasonably satisfied from the evidence that defendant has proven this plea to your reasonable satisfaction, then said plea will be no defense to this action.

(C) If you believe from the evidence that credit was extended to J. C. Shepherd by plaintiff, and the goods shipped on the sole credit of Shepherd, then the statute of frauds would have no application in this case, and those pleas would be eliminated from your consideration.

(F) If you believe from the evidence that the building material was shipped to J. C. Shepherd f. o. b. cars, then upon a delivery to the railroad company prima facie vests the title in Shepherd, and was a delivery to him.

The following charges were refused to defendant:

(7) General affirmative charge. (2) The burden of proof is upon plaintiff to show by a preponderance of the testimony that J. C. Shepherd authorized the purchase of the material involved in this suit, and if you are not so convinced, it is your duty to return a verdict for defendant.

BEASLEY & WRIGHT, for appellant. MCARTHUR & HOWARD, for appellee.

THOMAS, J.—The first five counts of the complaint were the common counts. The sixth was a special count, alleging that the goods were sold to the defendant through Leeper & Co., agents of the defendant, acting within the line and scope of their authority.

(1) There was no error in the ruling of the trial court on defendant's demurrers to the several counts of the complaint.

(2) The general rule that the defense of bona fide purchaser for value without notice is defensive matter that must be set up by plea or answer is appropriate (*Kelly v. Chandler*, 184 Ala.

358, 63 South. 941), yet, as each count of the complaint charged a sale to defendant in manner alleged, defendant's first plea was inapt.

(3) Defendant's seventh assignment of error is based on the ruling of the court sustaining the demurrer to defendant's fourth plea. The matter thus sought to be specially pleaded could be given in evidence under the general issue. Moreover, the argument of appellant's counsel addressed to this assignment did not amount to an insistence thereon. The same may be said of his twenty-sixth assignment of error.—*Georgia Cotton Co. v. Lee,* 196 Ala. 599, 72 South. 158; *Republic, etc., Co. v. Quinton,* 194 Ala. 126, 69 South. 604; *W. U. Tel. Co. v. Benson,* 159 Ala. 254, 48 South. 712; *Johnson v. State,* 152 Ala. 93, 44 South. 671.

The shipments were made by railroad, and the bills of lading thereof had a tendency to show direct sale and shipment of the goods from the plaintiff to defendant, and not to Leeper & Co., and that the defendant received the same at the point where the evidence shows his house was in course of erection.—*Southern Railway Co. v. Brewster,* 9 Ala. App. 597, 602, 63 South. 790; Code, 1907, §§ 5547, 6136.

As to the material so shipped, the testimony shows without dispute that the plaintiff made the charge therefor to the defendant in the due course of business, in plaintiff's loose-leaf ledger— that is to say, a ledger in which each page is separate and distinct.

(4) Section 4003 of the Code of 1907 authorizes the introduction in evidence of the books of account of any merchant, shopkeeper, physician, blacksmith, or other person doing a regular business and keeping daily entries thereof, as proof of such accounts, upon these conditions: (1) That he kept no clerk, or else that the clerk is dead or is otherwise inaccessible, or that from any cause the clerk is disqualified from testifying; (2) that proof is made (the party's oath being sufficient) that the book tendered is his book of original entries; and (3) that there is inspection by the court to see if the books are free from any suspicion of fraud.

Upon inspection by the trial court of this entry in the loose-leaf ledger, it was admitted in evidence, after the correctness of the charge was shown by the party making the sale, and by plaintiff's agent who made the shipment and the entry in the merchant's book of accounts. In fact, defendant did not deny

the correctness of the bill of materials so charged, nor that they were used in the construction of his house, but relied for his defense on the denial of liability for such purchase.—Code 1907, § 4003; *Stoudenmire v. Harper Bros.,* 81 Ala. 242, 1 South. 857; *Horton v. Miller & Bro.,* 84 Ala. 537, 4 South. 370; *Davie v. Roland,* 3 Ala. App. 567, 57 South. 1034; *Stewart Bros. v. Harris-Cortner & Co.,* 6 Ala. App. 518, 60 South. 445.

There was no error in the admission of the original leaf of the ledger with the entry showing the charge to J. C. Shepherd of the entire bill of goods, which bill, the evidence further shows, was shipped by plaintiff from Birmingham to defendant at Berry, Ala. Likewise there was no error in the giving of plaintiff's requested charge E.

Appellant cites *Beitman v. Birmingham P. & G. Co.,* 185 Ala. 313, 321, 64 South. 600. That case referred to the making of a memorandum by an agent, where it did not appear that the writing was made by said agent in the due course of his employment, nor that it was not made long after his employment was terminated. For such reason the writing was held not admissible as evidence against the defendant.

In the instant case the original ledger entry is corroborated by the bill of lading, by evidence on the part of the plaintiff that J. C. Shepherd was worthy of credit (a fact then known to plaintiff) and that Leeper & Co. had no line of credit with plaintiff (a fact then known to plaintiff), and by the further fact that immediately on the shipment of the goods plaintiff's agent made demands for payment on account by the defendant, and gave him notice not to use the material in the construction of his building unless he had authorized the purchase and would pay the purchase price of the same. Such circumstances were competent as tending to show to whom, in fact, the credit was extended by the plaintiff.

(5) It is within the discretion of the trial court to allow a leading question to direct the attention of the witness to the matter of which he is interrogated. In *Anderson v. State,* 104 Ala. 83, 16 South. 108, it was held that a reversal should not be awarded for a flagrant violation of the rule against leading questions.—*Washington v. State,* 155 Ala. 2, 46 South. 778. However, when the objection was made to the leading question, the court said to the witness, "You can state the facts how they were ordered," etc., meaning how the goods were ordered. Thus there

was no abuse of discretion by the trial court, but the facts were permitted to be given in evidence.

(6) It was not competent to inquire of the witness Leeper the "reason why" the contract was "taken away" from him. He should have been allowed to state whether or not the contract was in force up to the completion of the building; and, if it was not in force, when it was terminated.

(7, 8) The agent of plaintiff testified of the sale of the building material for use in defendant's house; that he made a memorandum of it at the time of his estimate of $585, which was the amount agreed to be paid for the material on the acceptance of plaintiff's bid by L. F. Leeper & Co. for the account of J. C. Shepherd. Such evidence was competent as having a tendency to shed light on the inquiry to whom was the credit extended. The witness did not answer the question, "Was any credit extended to Leeper & Co. in this transaction?" hence no error resulted from the court's ruling as to the competency of the evidence thus sought.

There is no merit in defendant's twenty-third assignment of error. The witness was permitted to state, as nearly as he could, what was said by the defendant to plaintiff's agent, Martin, at the designated time and place.

(9) The witness Posey, who made up the estimate for Leeper & Co., having testified for the defendant, the plaintiff was permitted to ask Leeper if Posey gave any security for the money borrowed by the latter when the estimate was made. It was a circumstance for the jury tending to illustrate the interest or bias of the witness Posey.

(10) The court committed no error in giving charges A and D at plaintiff's request.—*Little Cahaba Coal Co. v. Gilbert,* 178 Ala. 515, 527, 59 South. 445.

(11) The plaintiff's given charge B correctly stated the burden of proof under the plea of payment.

(12) Charge C given at the plaintiff's instance properly instructed that the statute of frauds had no application, if the credit was given to the defendant.—*Pake v. Wilson,* 127 Ala. 240, 28 South. 665; *Fuller v. Gray,* 124 Ala. 388, 27 South. 458; *Day v. Adcock,* 11 Ala. App. 471, 66 South. 911.

(13) If the goods were delivered to Leeper & Co., and credit was given to them, any promise made by the defendant to pay therefor would be collateral and within the statute.—*Boykin v.*

*Dohlonde,* 37 Ala. 577; *Webb v. Hawkins Lbr. Co.,* 101 Ala. 630, 14 South. 407; *Strouse v. Elting,* 110 Ala. 132, 20 South. 123.

In *Fuller v. Gray,* 116 Ala. 238, 22 South. 576, relied on by appellant, the opinion recites: "There was no conflict as to the fact that the goods were sold and delivered to Whatley. Plaintiff's evidence tended to show that this was done upon an agreement made with Fuller and by his directions, he being responsible for them. Fuller denied that he ever gave any such instructions, or made any such agreement, and there was some other evidence tending to sustain him. The conflict in the evidence upon this issue did not warrant the giving of the first instruction to the jury, requested by the plaintiff. * * * This charge ignores the essential fact that plaintiff must have been authorized by the defendant to charge the goods to him, a fact directly controverted."

(14) The instant case differs from the *Fuller Case* in that it is here undisputed that the goods were all shipped to the defendant, and that he paid the transportation charges; and there was evidence tending to show delivery to the defendant by the common carrier, though this is denied by defendant's evidence.—*Smith Bros. & Co. v. Miller,* 152 Ala. 485, 44 South. 399. If he was notified of the true facts before the material was used in the construction of his house, that he was looked to for payment, and that the sale and shipment of the goods were made on his credit alone, he should not have permitted the use of the material in the construction of his house. That he did so was an evidentiary fact for the jury.

(15) Charge 7 was properly refused to the defendant.—*Tobler v. Pioneer M. & M. Co.,* 166 Ala. 517, 52 South. 86; *Amerson v. Corona Coal & Iron Co.,* 194 Ala. 175, 69 South. 601.

(16) There was no error in the giving of plaintiff's written charge F. It instructed the jury that, if they believed from the evidence that said building material was shipped to J. C. Shepherd f. o. b. cars, then delivery to the railroad company prima facie vested title in J. C. Shepherd, and was a delivery to him.— *Pilgreen v. State,* 71 Ala. 368; *McClure v. State,* 148 Ala. 625, 42 South. 813; *Lake Shore & M. S. Ry. v. Nat. Live Stock Bank,* 178 Ill. 506, 53 N. E. 326; *Merchants' Despatch Co. v. Smith,* 76 Ill. 542; *Odell v. Boston & Maine R. Co.,* 109 Mass. 50; *Gwin v. Hopkinsville M. Co.,* 190 Ala. 346, 67 South. 382; Angell on

[Dickey v. Vaughn.]

Carriers, § 497; Parsons on Contracts (6th Ed.) 532; *Dutton v. Solomanson*, 3 Bos. & P. 584.

(17) Charge 2 was properly refused as misleading. Its tendency was to instruct the jury that prior or express authority of the defendant for the purchase of the material was necessary in order to bind defendant. It did not take into consideration the evidence tending to show ratification on the part of defendant of such purchase, and the use of the material, after notice to him that he was looked to for payment, in the construction of his building. Moreover, this charge was in effect covered by defendant's given charges C, 1, 5, and 8.

The judgment is affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.