The defendant was indicted and convicted for rape in the first degree. Sentence was 40 years' imprisonment.
The defendant contends that the pretrial identification procedures were impermissibly suggestive in that he was the only common participant in both the photographic and corporal lineups, despite the fact that one victim identified the defendant and another individual and the other victim selected yet a third individual from the photographic lineups. It is not contended and there is nothing in the record which even implies that either the photographic displays or the corporal lineups were suggestive apart from the defendant's common participation.
In the late afternoon of the eighth of March, 1981, Laura and Leslie were abducted while walking home along Highway 98 near the Grand Hotel in Baldwin County. Within hours after the crime occurred Leslie was taken to a hospital where she selected the defendant's picture from five photographs shown her by the police. Later that night, after her release from the hospital, she was again shown the same five photographs and selected pictures of the defendant and Carl Douglas. At this time Laura was also shown the photographs and she identified Julius Frye. Either one or both girls then requested a lineup.
This lineup was held the next day. Of the three individuals selected in the photographic displays (the defendant, Douglas and Frye), the defendant was the only one appearing in the six-man lineup.
The two victims separately viewed two lineups. Although the same men were in each lineup they were rearranged differently for each viewing. In both lineups Leslie identified the defendant and no one else. In her first lineup, Laura identified the *Page 455 
defendant and Livingston Johnson. In the second, she selected the defendant based only upon a voice identification.
In Houston v. State, 49 Ala. App. 403, 272 So.2d 610 (1973), this Court held that it is not error to have the person identified in the photographic lineup participate also in a corporal lineup, even though he may be the only common participant in the two procedures.
 "Defendant complains of the fact that the victim was shown defendant's photograph prior to the lineup and argues that this was suggestive to the point that his subsequent identification and victim's testimony of such upon the trial violated his right to due process. It should be pointed out that for some reason, Mr. Watson did not recognize the defendant from the pictures shown him prior to the lineup. Therefore, it is hard to see how the act of showing him a number of pictures could have influenced his later identification of defendant at the lineup. Assuming the victim had been able to identify the defendant from the photographs shown him, this, standing alone, would be insufficient to show improper suggestions to the extent that his later lineup identification would be inadmissible." Houston, 40 Ala. App. at 406, 272 So.2d 610.
See also Childers v. State, 339 So.2d 597 (Ala.Cr.App.), cert. denied, 339 So.2d 601 (Ala. 1976). This is in accord with the numerous cases cited in the annotation on this subject found in 39 A.L.R.3d section 16 at 508 (1971) and its pocketpart. These cases recognize the general rule that the fact that an accused is identified by a witness from a photograph before he appeared in a lineup at which the same witness selected him again does not render the lineup so suggestive as to require the exclusion at trial of the lineup identification or taint the in-court identification of the accused by the witness. This rule applies even where the witness is unable to make a positive identification of the defendant from the photographic display.People v. Hernandez, 11 Cal.App.3d 481, 89 Cal.Rptr. 766
(1970). While such a procedure may be suggestive to some degree, we do not consider it unnecessarily suggestive.
Reviewing the totality of the circumstances surrounding the identification procedures involved in this particular case, this Court finds nothing in the evidence to indicate any impermissible suggestiveness in those procedures which would give rise to the likelihood of mistaken identification.
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.