The defendant was indicted and convicted for robbery in the first degree. Alabama Code 1975, Section 13A-8-41. Sentence was fifty years' imprisonment. The defendant presents five arguments for the reversal of his conviction.
 I
Although the defendant argues that 11 percent of the veniremen had read newspaper accounts of the crime, there is absolutely no evidence of any actual prejudice against the defendant resulting from any pretrial publicity. The law on this subject is summarized as follows:
 "Exposure of jurors to adverse publicity either prior to or during trial may create prejudice and violate a defendant's right to be tried by an impartial jury. The constitutional standard of jury impartiality does not require, however, that jurors be wholly ignorant of the facts and issues involved in the case. Thus, exposure does not impair the defendant's right to an impartial jury if the jurors can lay aside any impressions or opinions that result from pretrial media exposure and render a verdict based solely on evidence presented during the trial. . . . To establish impermissible juror partiality, the defendant must show that pretrial publicity resulted in either actual juror prejudice or pervasive community prejudice." Eleventh Annual Review of Criminal Procedure: United States Supreme Court And Courts of Appeal 1980-1981, 70 The Georgetown Law Journal 680-81 (1981) (footnotes omitted).
"Extensive knowledge in the community of either the crimes or the putative criminal is not sufficient by itself to render a trial constitutionally unfair." Dobbert v. Florida,432 U.S. 282, 303, 97 S.Ct. 2290, 2303, 53 L.Ed.2d 344 (1977). Since the defendant did not prove actual juror prejudice or attempt to show that the community was saturated with prejudicial articles, his motion for a change of venue on the basis of inflammatory and prejudicial pretrial publicity was properly denied. Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031,44 L.Ed.2d 589 (1975); Mayola v. Alabama, 623 F.2d 992 (5th Cir. 1980); Dolvin v. State, 391 So.2d 666 (Ala.Cr.App. 1979), affirmed, 391 So.2d 677 (Ala. 1980).
 II
The defendant had no constitutional right to counsel at a post arrest lineup for the reason that adversary judicial proceedings had not been initiated. Lomax v. Alabama,629 F.2d 413, 415 (5th Cir. 1980), cert. denied, 450 U.S. 1002,101 S.Ct. 1712, 68 L.Ed.2d 205 (1981). The right to counsel established in United States v. Wade, 388 U.S. 218,87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), applies only to post-indictment corporeal identification procedures.
 III
We have examined the photographic identification procedure and find that neither the photographs themselves nor the manner in which they were displayed were suggestive or created any risk of misidentification. Stovall v. Denno, 388 U.S. 293, *Page 1355 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Nicholes v. State,409 So.2d 454, 455 (Ala.Cr.App. 1982); Griffin v. State,356 So.2d 723 (Ala.Cr.App.), cert. denied, 356 So.2d 728 (Ala. 1978).
 IV
Sergeant Newell's testimony concerning the victims' identifications of the defendant at a pretrial photographic lineup constituted a well recognized exception to the hearsay rule and was properly admitted. Ferguson v. State,401 So.2d 204, 207-08 (Ala.Cr.App.), cert. denied, 401 So.2d 208 (Ala. 1981); Abercrombie v. State, 382 So.2d 614 (Ala.Cr.App.), cert. denied, 382 So.2d 616 (Ala. 1980).
Any error in the admission of the statements of the victims identifying the defendant was rendered harmless where the victims subsequently testified and were subjected to cross examination. See Love v. State, 377 So.2d 8 (Ala.Cr.App. 1979);Stokes v. State, 13 Ala. App. 294, 69 So. 303 (1915); Rule 45, A.R.A.P. The admission of these statements was also harmless where Sergeant Newell had already testified to their contents without objection. Allen v. State, 390 So.2d 676 (Ala.Cr.App. 1980). The statements only contained a brief statement of which photograph each witness selected and, after Sergeant Newell had related their contents to the jury, we fail to see how the admission of the written statements could have prejudiced the defendant.
 V
After an examination of the record, we are not persuaded that the State failed to prove a proper chain of custody for the admission of fingerprints and related exhibits. To warrant the reception of an object in evidence against a proper objection, it is not necessary that the chain of custody be proved to an absolute certainty, but rather to a reasonable probability, that the object is the same as, and not substantially different from the object as it existed at the beginning of the chain.Sexton v. State, 346 So.2d 1177 (Ala.Cr.App.), cert. denied,346 So.2d 1180 (Ala. 1977).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.