TYSON, Judge.
Oliver Nicholes was indicted for the first degree kidnapping of the victim on March 8, 1981, in violation of Title 13A-6-43, Code of Alabama 1975.
The jury found the appellant guilty as charged and the trial court set sentence at life imprisonment in the penitentiary.
This case is a companion case to Nicholes v. State, 409 So.2d 454 (Ala.Cr.App.1982), and the complete facts which constitute the kidnapping charge in the instant appeal are fully set forth in Nicholes, supra.
I
The issue on this appeal as in the companion case is whether or not the trial court properly overruled appellant’s motion to suppress the out-of-court identification on grounds that the procedure used was impermissibly suggestive and unreliable.
We have carefully considered the record, including the supplemental record which contains the pre-trial proceedings involving a motion to suppress held prior to trial. This court is of the opinion that the standards which must be used to determine whether or not the reliability of the identification procedure constituted a denial of due process is one in which all identification procedures must be considered and the totality of the circumstances reviewed carefully in accordance with Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We are also mindful of the pronouncements of the United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
We have carefully weighed the pretrial identification procedures at which two photographic lineups were shown to each of the two victims and in addition, two lineups were conducted at which the victims were asked to view the alleged assailants. The discrepancies in the identification are fully set forth in the companion case opinion Nicholes v. State, 409 So.2d 454 (Ala.Cr.App.1982).
After reviewing the totality of circumstances surrounding the identification procedures involved in this case, this court finds nothing in the evidence to indicate any impermissible suggestiveness by the *897 police in those procedures which would give rise to the likelihood of mistaken identification. The prosecutrix in this cause was certain, in all but one instance, of her identification of the appellant.
We have searched this record and find no error prejudicial to this defendant. For the reasons stated, the judgment of the Circuit Court is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.