## McCREARY *vs.* TURK.

[ACTION AGAINST OWNERS OF STEAMBOAT TO RECOVER DAMAGES FOR LOSS OF COTTON.]

1. *Relevancy of evidence distinguished from weight or sufficiency.*—Primary and relevant evidence, however weak, cannot be excluded from the jury because stronger evidence might have been adduced.

2. *Opinion of witness, admissibility of.*—Upon the question whether the officers and crew of a steamboat, at a particular time, were sufficient in number to run her on a particular river, the opinion of a witness, who had an opportunity of personal observation, and who testifies to the facts derived from that observation, is competent evidence.

3. *Motion to exclude or suppress evidence, when made.*—Irrelevant evidence may be excluded from the jury, on motion, at any time before they retire; but where the deposition of a witness has been regularly taken and returned, the objection cannot be sprung on the trial, that any portion of it is not responsive to the interrogatories, or that it states either more or less than was called for by the interrogatories, unless the motion is accompanied by proof that it could not have been made at an earlier opportunity.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. C. W. RAPIER.

THIS action was brought against the appellant and others, as owners of the steamboat 'A. B. Shaw,' to recover damages for the loss of fifteen bales of cotton. The bill of exceptions states that, " among other questions, it became material to inquire whether there was enough of officers and hands on said boat, and whether they were skillful and competent." The defendants offered in evidence the deposition of one James Burroughs, which was taken on interrogatories and cross-interrogatories. The plaintiff moved the court to exclude from the jury a portion of one of the answers to the interrogatories in chief, which was in these words : " There was a sufficiency of officers and hands on said boat to run her in the manner which she was to run." The court sustained the motion, and excluded the evidence; and the defendants excepted. This is the only matter assigned as error.

GEO. W. STONE, for the appellant.

WATTS, JUDGE & JACKSON, *contra.*

RICE, C. J.—It is manifest from the bill of exceptions, that the evidence excluded by the court was not in its nature irrelevant. It certainly *tends* to prove that " there were enough of officers and hands on said boat," at the time of the occurrence which resulted in the loss of the plaintiff's cotton. 1 Greenlf. Ev. (5th edition,) § 51 *a*, 440. It may be weaker than other evidence which might be attained, tending to prove the same fact ; but the mere selection of weaker, instead of stronger proofs, will not justify the exclusion of the weaker, when it is, in its nature, primary and relevant.—1 Greenlf. Ev. § 82.

Upon such a question as the sufficiency of the number of the officers and hands on a steamboat at a particular time to run her on a particular river, the judgment of ordinary persons, having an opportunity of personal observation, and of forming a correct opinion, and testifying to the facts derived from that observation, is admissible. The effect of admitting such opinion as evidence is not to submit to the decision of the witness a point which the jury alone can try, but merely to assist them in judging of a question of common sense as well as of science, with which the witness may reasonably be supposed, on account of his superior opportunities for becoming acquainted with it and forming a correct judgment, to have been more competent to judge than they themselves. The jury are to decide upon the value of the opinion of the witness, as well as upon the value of the evidence on which it is founded ; and thus the whole matter is submitted to their consideration.—Florey v. Florey, 24 Ala. R. 241 ; Milton v. Rowland, 11 Ala. R. 732 ; Porter v. The Peq. Man. Co., 17 Conn. Rep. 249 ; Fenwick v. Bell, 1 Carr. & Kirwan, 312 ; Webber v. Eastern R. R. Co., 2 Metc. Rep. 147 ; Beckwick v. Sydebotham, 1 Camp. Rep. 116 ; Malton v. Nesbit, 1 Carr. & Payne, 70 ; 1 Greenlf. Ev. § 440 ; Watson v. Anderson, 13 Ala. R. 202.

Where evidence is introduced by one party, without objection, which in its nature is not and cannot be made relevant, the other party has the right, at any time before the jury retire, to insist on its exclusion. But, where the deposition of a competent witness has been taken and returned in conformity to the statutes, it is erroneous to exclude any fact

or opinion stated by him, which he was competent to state, and which is in its nature relevant, upon the objection, *sprung on the trial,* that the statement of the fact or opinion by him was not strictly responsive to the interrogatories, or upon any objection, *sprung on the trial,* which claims and discloses no more than that his answers are defective in stating either more or less than was called for by the interrogatories. Such objections are founded on defects which can be remedied and supplied. If they are made before the trial begins, they can be removed without hazard or injury to either party. To allow them to be sprung on the trial, when an earlier opportunity for making them had been afforded, would be unreasonable and unjust. Looking at the results which would necessarily attend a practice which would encourage and sustain such objections, when made for the first time on the trial, after an earlier opportunity had been afforded for making them; and bearing in mind, that all the rules of evidence are adopted for practical purposes in the administration of justice, and ought to be so applied as to promote the ends for which they were designed, we hold, that such objections are waived, if not made before the trial begins, unless, when made for the first time on the trial, they are accompanied by proof from the party making them that he had no opportunity to make them at an earlier period. The *reason* of the rule which requires a party against whom an interested witness is offered to object to his competency as soon as the opportunity to make the objection is presented, applies to the class of objections now under consideration.— Hudson v. Crow, 26 Ala. R. 515 ; Pearsall v. McCartney, 28 Ala. Rep. 110; Russell v. Union Ins. Co., 1 Wash. C. C. Rep. 409 ; Concord v. McIntire, 6 New Hamp. R. 527 ; Callender v. Marsh, 1 Pick. Rep. 418; Reese v. Beck, 24 Ala. R. 651; Jordan v. Jordan, 17 Ala. R. 466.

In excluding the evidence embraced by the motion of the plaintiff, the court below erred. Its judgment is, therefore, reversed, and the cause remanded.

STONE, J., not sitting.