# PARK *vs.* WOOTEN'S EXECUTORS.

[ACTION AGAINST EXECUTORS OF DECEASED PARTNER, ON ACCEPTANCE OF PART-
NERSHIP, AND OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Liability of dormant partner.*—If a dormant partner is known as a member of the firm by one who has dealings with it, actual notice of the dissolution of the firm must be brought home to such person, in order to exonerate the dormant partner from liabilities contracted by the firm after his withdrawal.

2. *Relevancy of evidence showing notice of dormant partner.*—In an action against the personal representatives of a deceased dormant partner, on liabilities contracted by the firm after his withdrawal, evidence showing that the plaintiff, when he commenced dealing with the firm, had notice or knowledge of the fact that the deceased was then a member of the firm, is relevant and admissible for him.

3. *When motion to suppress evidence may or must be made.*—A motion to suppress the answer of a witness, on the ground that it is not responsive to the interrogatory, cannot be made after the trial has commenced.

4. *Objection to evidence admissible for one purpose.*—When evidence is offered generally, which is admissible for a single purpose only, the party against whom it is offered, instead of moving its exclusion, should ask a charge limiting its operation and effect.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was brought by John D. Park, against the executors of Henry V. Wooten, deceased; and was founded on an open account for $571 15, for goods sold and delivered by plaintiff, on the 18th June, 1855, to the firm of W. B. Wright & Co., and an acceptance for $134 93, of the same date, which was given by the said firm for goods previously sold and delivered to them by plaintiff; the complaint alleging that the defendants' testator was a member of the said firm. It appeared from the evidence adduced by the plaintiff, as stated in the bill of exceptions, that the firm of W, B. Wright & Co. commenced business in 1853, in Memphis, Tennessee, and was composed of W. B. Wright, A. A. Smithwick, and H. V. Wooten, the defendants' testator; that it was dissolved in March, 1855, by the withdrawal of Wooten and Smithwick; that Wright afterwards continued the business at the same

place, and under the same name; and that the plaintiff had dealings with the firm, both before and after its dissolution. The plaintiff read in evidence the deposition of one Lemuel Bolles, his clerk, which was taken on interrogatories and cross-interrogatories. The 6th direct interrogatory to this witness, and the 1st and 2d cross-interrogatories, with the answers thereto, were in the following words:

"*Int.* 6. Are there any facts within your knowledge, tending to show that the said accounts were contracted on the credit of any particular member of said firm of W. B. Wright & Co.? If yea, state upon whose credit; and if you answer on the credit of the late H. V. Wooten, state all the facts within your knowledge tending to show that fact." *Answer.*—"*The accounts made with the firm of W. B. Wright & Co. were made by John D. Park on the credit of H. V. Wooten, and no one else, as the information obtained respecting the responsibility of the firm went to show that Wooten was the responsible partner; and on his means and credit the goods were sold. The first order received from W. B. Wright & Co. was through Mr. A. Hansford, who stated that Dr. Wooten was a man of considerable property; and information to that effect was also received through the commercial agency. If such had not been the case, no extension would have been granted on the bill of December* 18, 1854. I recollect distinctly the whole state of the case at the time, as I had an opportunity, from my situation with the plaintiff [as clerk], of knowing all the circumstances."

"*Cross-Int.* 1. Were there ever any dealings between the plaintiff and the firm of W. B. Wright & Co., previous to the purchase of the goods for which this suit is brought to recover? If yea, tell how you know it? what transactions were there? were you present when they took place? how often do you know, of your own knowledge, of any dealings having taken place between said firm and plaintiff?" *Answer.*—"The firm of W. B. Wright & Co. purchased one bill prior to those for which this suit is brought, which was in December, 1853; and that bill was promptly paid. That order was sent in by A. Hansford, *who represented the firm as good,—Dr. Wooten being the*

*moneyed man of the house.* I know of only four bills being sold by plaintiff to said firm. I was present when they were made, having myself sent the bills and made the shipments."

" *Cross-Int.* 2. How did you derive your information, as to who composed the firm of W. B. Wright & Co.? Did you ever see Dr. Wooten? if so, where? If you say that plaintiff never had any notice that Dr. Wooten had withdrawn from the said firm, tell how you know that he was never notified. Do you mean to swear that he could not have been notified without you knowing it, or that, if he was notified, you do not know it?" *Answer.*—" *I derived my information, as to who composed the firm of W. B. Wright & Co., from Hansford and the commercial agency. I have never seen Dr. Wooten, to my knowledge.* I do not believe that the plaintiff was ever notified of the withdrawal of Dr. Wooten, as I should have known it if he had been, having had access to all the correspondence of the house, and charge of all the books and papers. If he was ever notified, I do not know it."

"Before the reading of said deposition, the defendant moved to suppress the following portions thereof, to-wit, that portion of the answer to the 6th direct interrogatory which is" italicized. " The defendant also moved to suppress that portion of the answer to the 1st cross-interrogatory which is" italicized. " The defendant also moved to suppress that portion of the answer to the 2d cross-interrogatory which is" italicized. " The defendant stated, in argument, that his grounds of objection to the portions of said deposition above set out were, that the same were hearsay, and contained conclusions of the witness. The plaintiff admitted the illegality of the last portion of said deposition above set out, and consented to the exclusion of the same from the jury, which was accordingly done. The court also excluded from the jury the first and second portions of said deposition above set out and objected to; to which the plaintiff excepted. The plaintiff then offered to read as evidence to the jury the said first and second excluded portions of said deposition, merely for the purpose of showing a knowledge on the part of the plaintiff

that the defendants' testator was a partner of the firm of W. B. Wright & Co. before its dissolution in March, 1855, and that the plaintiff dealt on a credit with said firm upon the supposed responsibility of said testator; at the same time offering to prove by others the fact that said testator was a member of said firm prior to its said dissolution. The court refused to permit plaintiff to read said portions of said deposition for the purpose specified, and the plaintiff excepted."

The rulings of the court on the evidence, and its charge to the jury, are now assigned as error.

CHILTON & GUNTER, for appellant.

D. W. BAINE, contra.

STONE, J.—It may, for the purposes of this case, be conceded that the defendants' testator, Dr. Wooten, was a dormant partner in the firm of W. B. Wright & Co. Coll. on Part. § 4.

If a dormant partner be *known* as a member of the firm, to one with whom the firm has dealings, actual notice of dissolution must be carried home to the person who has thus dealt with the firm, in order to exonerate outgoing partners from liabilities afterwards incurred. This actual notice may be shown by positive evidence, or by pertinent circumstances, if sufficient to convince the jury.—Mauldin v. Br. Bank of Mobile, 2 Ala. 502, 510–11 ; Coll. on Part. § § 536, 537, and notes.

[2.] It results from the principles stated above, that notice to, or knowledge in the plaintiff, that Dr. Wooten was a member of the firm of W. B. Wright & Co. when he, the plaintiff, first opened an account with them, was pertinent and material, and the plaintiff should have been allowed to prove it. The circuit court erred in excluding that part of the answer of the witness Bolles to the first cross-interrogatory, which is expressed in the words, " who represented the firm as good,—Dr. Wooten being the moneyed man of the firm." The whole sentence, from which that was stricken, states that one Hansford had ordered the first bill of goods which the firm bought

from the plaintiff; and the rejected clause, if believed, shows that Mr. Park, while he was dealing with the firm, had notice that Dr. Wooten was a member.

[3–4.] It is urged, that the answer to the first cross-interrogatory was not responsive to any direct question; and that, of the clause rejected, there was a portion which was illegal. The rule which relieves the primary court from the duty of separating legal from illegal evidence, is invoked. The objection, that the answer was not responsive, is answered by the fact, that the motion to exclude seems not to have been made until the trial had been entered upon.—McCreary v. Turk, 29 Ala. 244. The clause excluded on defendant's objection, purports to be a representation, made to the plaintiff by Mr. Hansford, the agent of the plaintiff for some purposes. The fact to be proved was notice; and the testimony offered was in the nature of a verbal fact, tending to prove notice. It was a representation from which notice would probably be inferred, if believed by the jury. Strike out from the representation the words here objected to as illegal, and both the sentence and the sense will remain incomplete. Notice was not the sole, nor, perhaps, the primary object of the representation; although, if the witness be believed, notice that Dr. Wooten was a partner is implied in the communication. This is a case of evidence, competent for the establishment of one of the facts involved in the issue. We will not presume the court would necessarily have permitted the evidence to have too large an operation. The proper course for defendant was, to let the evidence in, and, if he deemed it necessary, he should have asked a charge, limiting its operation to the question of notice, the only subject on which it appears to have been competent.

Another rejected clause, commencing with the words, "I derived my information," &c., seems to be equally unexceptionable with the clause above copied. Each tended to prove the fact of *notice*. That Dr. Wooten was a member of the firm, had been proved by other witnesses, who testified as to facts.

If it be objected that the notice, of which the witness

Bolles testifies, was in writing; and that the writing should have been produced, or its absence accounted for,—a sufficient answer is furnished in this, that we do not think the record shows the notice or information was in writing.

The rules above declared will govern the charge on another trial.

Reversed and remanded.