# Louisville & Nashville Railroad Company *v*. Brown.

*Action against Railroad Company for Materials Furnished.*

1. *Deposition; how used by opposite party.*—Under our practice, a party may use a deposition taken by his adversary, if he cross-examined the witness, and the party by whom it was taken declines to use it; and if, not having cross-examined the witness, he offers the deposition in evidence without objection from the party by whom it was taken, it must be regarded as any other deposition legally taken.

2. *Same; objection to answer as not responsive.*—An objection to the answer to one of the interrogatories, on the ground that it is not responsive, comes too late, when the answer is offered in evidence on the trial; and this rule applies when a party offers in evidence a deposition taken by his adversary.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LOUIS WYETH.

This action was brought by Richard Brown, against the Louisville & Nashville Railroad Company, to recover the value of three hundred and forty cross-ties, cut and furnished by the plaintiff, and used in the construction of the South and North Alabama Railroad; and was commenced on the 19th March, 1875. The complaint contained only the common counts. The defendant pleaded the general issue, and payment; and issue was joined on both of these pleas. On the trial, as appears from the bill of exceptions, the plaintiff testified, as a witness for himself, that during the construction of the road-bed of the South and North Railroad, in March and April, 1872, Saulpaw & Co. had a contract for the construction of six miles of the road, and he contracted to furnish them with cross-ties at thirty-five cents each; that he cut and furnished the cross-ties, and they were inspected and received by the railroad engineer in charge of the work; that three hundred and forty of these cross-ties, not having been used by said Saulpaw & Co., were returned to the defendant, in the plaintiff's name, and were afterwards used by the defendant and its agents; and that neither Saulpaw &

Co. nor plaintiff had ever been paid for them. The plaintiff had taken the deposition of Joseph P. Gates, who was in the employment of said railroad company in March and April, 1872; but he did not offer the deposition in evidence on the trial. After the plaintiff had closed his evidence, the defendant offered this deposition in evidence, without objection from the plaintiff; and having read the answers to the first five interrogatories, "was about to read the answer to the sixth interrogatory, when the plaintiff objected to that part of it which was in these words: ' *We paid him for all that were received by engineer in charge of our work.*' The ground of this objection by plaintiff was, that said words were not responsive to the interrogatory." The sixth interrogatory, and the answer to it, were as follows: "*Int.* 6. State whether or not all the cross-ties gotten out by said plaintiff were inspected and received by the engineer or engineers of the defendant, and whether or not all of said cross-ties were returned, or included in the estimates of said Saulpaw & Co." *Answer:* "*We paid him for all that were received by engineer in charge of our work.* How many were rejected I do not know. All received were included in our estimates." The court sustained the objection, and excluded the italicized words from the jury; to which ruling the defendant excepted, and which is here assigned as error.

RICE, JONES & WILEY, for appellant.

HAMILL & DICKINSON, *contra.*

BRICKELL, C. J.—The deposition of Gates was taken by the appellee, returned, and filed in court. The appellant did not cross-examine the deponent; but its right to use the deposition, as an instrument of evidence, was not the matter of an objection by the appellee; and as the question we are to consider is presented, he must be deemed to have consented that the deposition should be used by the appellant, as the evidence of a competent witness, legally taken. A party who has cross-examined a witness, under our practice, acquires a right to use the deposition of the witness, as if it had been taken on his behalf, if his adversary, at whose instance it was taken, declines to use it.—*Stewart v. Hood,* 10 Ala. 600; *Garnett v. Yoe,* 17 Ala. 74. If the party at whose instance a deposition is taken, without notice to his adversary that he does not intend to use such deposition, enters on the trial, and permits his adversary to introduce the deposition, he must be regarded as waiving all objections to the evidence

contained in it, which his adversary could cure by a cross-examination, or by taking the deposition in his own behalf.

The objection to the particular answer is not because of its irrelevancy, nor because of the incompetency of the witness to testify to the fact, but is limited to the sole ground, that it is not responsive to the interrogatory propounded to the witness. It is, perhaps, true that this answer furnishes the sole reason of the appellee for refusing to use the deposition. Its materiality is shown upon its face; and if the fact is as stated, it was probably fatal to the appellee's right of recovery. The appellant was suffered to read all the deposition which preceded this answer, without objection, without regard to its effect as evidence, whether prejudicial or beneficial.

If the deposition had been offered as evidence by the appellee, and the appellant had made the objection to this or any other answer of the witness, not on the ground that it was illegal evidence, but that it was not responsive to the interrogatory, it would have been too late during the trial.— *Clement v. Cureton*, 36 Ala. 120; *McCrary v. Turk*, 29 Ala. 244; *Saltmarsh v. Bower*, 34 Ala. 613. The reason of the rule is, that the objection is founded on a defect which can be cured. It is unlike an objection to the relevancy or competency of the evidence. A party relying on an objection of this character, must make it at the time the deposition is proposed to be read. Then his adversary makes the deposition his own evidence, as if it had been taken on his behalf; and then he has the right to be apprised of the objection, so that, if it is well taken, he may decline to use the deposition for any purpose. The appellee had full opportunity, before this particular answer was reached, to have objected to it; but no objection was made, until the preceding answers were before the jury, and he had the benefit of them. We think the objection came too late, and the Circuit Court erred in sustaining it.

The judgment is reversed, and the cause remanded.