# Mississippi Lumber Co. *v.* Smith & Co.

## *Assumpsit.*

(Decided July 2, 1907.   44 South. 475.)

1. *Bill of Exceptions; Extension of Time; Signing.*—The court at an adjourned term has the power to make an order extending the time for signing bills of exceptions, and an order so made operates as though made by the court in term time.

2. *Deposition; Necessity of Objections Before Trial.*—Where objections are not filed to interrogatories and the answers thereto are responsive and material, an objection to the depositions on the trial comes too late.

2. *Deposition; Necessity of Objections Before Trial.*—Where objections are not filed to interrogatories and the answers thereto are responsive and material, an objection to the deposition on the trial comes too late.

3. *Same.*—Objections on the ground that the evidence is secondary must be made at the earliest opportunity, and objections made to depositions on that ground after the trial is begun and depositions are being read to the jury come too late.

4. *Sale; Action for Price; Acceptance; Evidence.*—Where there was evidence tending to show the compliance with the terms of the contract by the seller, the shipment of the identical lumber bought to a third person under directions by the buyer, a payment by the buyer for most of the lumber, and the possession of the lumber by the third person to whom it is shipped, such evidence was sufficient to authorize a recovery against the objection that the evidence failed to show an acceptance by the buyer.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

Assumpsit by the Mississippi Lumber Co., against Smith & Co., for lumber sold. Under the adverse rulings of the court plaintiff was forced to a non-suit with bill of exceptions.   Reversed and remanded.

INGE & ARMBRECHT, for appellant.   An objection to a deposition on a specified ground is a waiver of all other grounds of objection.—3 Mayf. 24.   Where depo-

sitions are taken on interrogatories and no objections are filed to such interrogatories, objections to the answers, if responsive, come too late when raised during the trial.—*R. & D. R. R. Co. v. Greenwood,* 99 Ala. 502; *L. & N. R. R. Co. v. Brown,* 56 Ala. 412. Objections to evidence on the ground that it is secondary, where the evidence is taken by deposition, should be made at the earliest opportunity and come too late when sprung on the trial.—*Sowell v. Bank of Brewton,* 119 Ala. 93. A witness may state a collective fact without being guilty of stating a conclusion.—*Elliott v. Stocks,* 67 Ala. 290; *Turnley v. Hanna,* 82 Ala. 139; *Nelson v. Shelby Mfg. Co.,* 96 Ala. 531. The court improperly granted the motion to strike plaintiff's evidence.—1 Cyc. 474; ; 4 Cyc. 328; *Stafford v. Sibley,* 106 Ala. 189; *Ezzel v. King,* 93 Ala. 470; *Jonas v. King,* 81 Ala. 285. The contract was entire and an acceptance of part was an acceptance of all.—*Carpenter v. Brainerd,* 37 Vt. 145; *Smith v. Lewis,* 40 Ind. 908; *Mount v. Lyon,* 49 N. Y. 552; *Mansfield v. Triggs,* 113 Mass. 350. The bill of exceptions was properly signed.—*M. & B. Ry. Co. v. Worthington,* 95 Ala. 598.

GREGORY L. & H. T. SMITH, for appellee. The bill of exceptions should be stricken as it is not shown that it was properly signed within the time.—*Dantzler v. Swift Creek Mill Co.,* 128 Ala. 410; *Zion Lodge v. Folks,* 132 Ala. 609; *Lindsey v. Keenan,* 133 Ala. 532; *Andrews v. Meadows,* 133 Ala. 442. The evidence was properly stricken as it fails to show any acceptance by the buyer. —*Elliott v. Howison,* in MS; Benjamin on Sales, sec. 935. No recovery could be had on the common count until the specific contract was executed.—*Martin v. Massey,* 127 Ala. 509; *Jonas v. King,* 81 Ala. 285; *Rosser v. Bunn,* 66 Ala. 89; *Burnham v. Spears,* 56 Ala.

[Mississippi Lumber Co. v. Smith & Co.]

547; *Fuller v. Dureen*, 36 Ala. 73. There was no error in refusing to permit complaint to be amended without specifying the character of the amendment.—1 Ency. P. & P. 637. The complaint could not have been amended so as to proceed under a special contract.—*Mayhan v. Smitherman*, 71 Ala. 563.

DENSON, J.—The bill of exceptions was signed in vacation, and it is insisted by the appellee that it does not affirmatively appear that it was signed by authority of law. The cause was tried on the 29th day of May, 1906. On the 30th day of June, during the same term of the court, an order was made by the court allowing plaintiff 30 days within which to present his bill of exceptions.. On the same day (which was the last day of the term) an order was made by the court adjourning the court until July 2, 1906, and providing it should continue in session to and including August 4, 1906. During the adjourned term, on the 26th day of July, an order was entered in the cause allowing 30 days additional, after the expiration of the original time allowed, to present the bill of exceptions. This last order carried the time within which the bill of exceptions might be presented to August 31, 1906, and the bill was signed on the 28th day of August, 1906. The adjourned term was only a prolongation of the regular term, and the court had the power, during the adjourned term, to make the order extending the time previously allowed; and such order, having been made, operates as an order made by the court in term time, and it is properly shown by the record. The motion to strike the bill of exceptions is overruled.—Civ. Code 1896, § 917; *Van Dyke's Case,* 22 Ala. 57; *Keith's Case,* 91 Ala. 2, 8 South. 353, 10 L. R. A. 430; *Mobile & O. R. R. Co. v. Worthington,* 95 Ala. 598, 10 South. 839; *Nat. Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala. 635, 638, 19 South. 47.

The complaint contains two counts. The first is on an account, and the second is in common form, for merchandise, goods, and chattels sold by the plaintiff to the defendant. The cause was tried on the general issue and the plea of payment. At the conclusion of the plaintiff's evidence the court granted a motion to exclude all of the evidence. On account of this ruling, and other rulings, excluding depositions of certain witnesses, the plaintiff took a nonsuit, with a bill of exceptions. The evidence offered by the plaintiff consisted, in the main, of depositions of witnesses taken on interrogatories to which no objections were filed; but cross-interrogatories were filed. It is the well-settled rule of this court that where interrogatories are filed, and no objections are filed to them, if the depositions given in answer to such interrogatories are responsive thereto and material to the issues in the cause, it is too late for the opposing party to object to such depositions on the trial. —*Louisville & Nashvlle R. R. Co. v. Hall,* 91 Ala. 112, 119, 8 South. 371, 24 Am. St. Rep. 863; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 501, 511, 14 South. 495. And it is the law that objections to depositions on the ground that the evidence is secondary should be made at the earliest opportunity, and that such objection, made after the trial has begun and when the deposition is being read to the jury, is too late.—*Sowell v. Bank of Brewton,* 119 Ala. 93, 24 South. 585. Another well-established rule is that, even if the answers to interrogatories are not responsive, the objection cannot prevail when made for the first time during the trial.—*McCreary v. Turk,* 29 Ala. 244; *L. & N. R. R. Co. v. Brown,* 56 Ala. 411. It is obvious, from the foregoing rules, that the trial court erred in some of the rulings made in respect to the depositions of witnesses Wood, Lucia, and Schryver.

It is insisted, however, that, with the evidence that

was offered and excluded in, the plaintiff would not have made a prima facie case, and therefore that the rulings of the court, if erroneous, were without injury. This innsistence is based upon the idea that no acceptance of the lumber was shown. The evidence tends to show that the identical lumber purchased was shipped from Quitman, Miss., consigned to J. O. Kirkpatrick & Sons, Nashville, Tenn., the parties to whom defendant directed it to be shipped. It also tends to show that it went into their possession. And, while the defendant says and insists that acceptance was not shown, the evidence shows that most of the lumber was paid for by the defendant—therefore accepted. But it would seem that defendant contended that some of the lumber did not come up to the description in his order, and that he rejected it; and this rejected lumber, apparently, forms the basis of the balance due. "Acceptance is not necessary in order to complete a sale, pass the title, transfer the risk, and perfect the vendor's remedies, provided he has in fact already fulfilled his own obligations. He can, therefore, on showing compliance on his part (such as the evidence in this case tends to show on the part of the plaintiff), recover for goods sold and delivered, as well as for goods bargained and sold, without proving any actual acceptance. Benj. on Sales (6th Ed.) p. 690. Acceptance not being absolutely necessary, its chief importance is as evidence that the goods complied with the contract, and so that the buyer is bound to pay for them." In the case of *Elliott v. Howison*, 146 Ala. 568, 40 South. 1018 (cited by appellee), the above principle is not contravened. There the undisputed evidence showed that the goods delivered did not correspond with the goods purchased; but plaintiff insisted that, notwithstanding this, the defendant had accepted them, and thereby had waived their failure to come up to de-

scription. We there said: "The buyer may receive the goods, to see whether they answer his order or not; and this would be no acceptance of the goods, as long as the buyer can consistently object to the goods as not answering the order."

For the errors committed in sustaining objections to the depositions, and in excluding the whole of the evidence, the judgment of the court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.