[Standard Talking Machine Company v. D. O. Matthews Supply
Company, et al.]

# Standard Talking Machine Company v. D. O. Matthews Supply Co., *et al.*

## *Assumpsit.*

### (Decided December 19, 1912.    60 South. 481.)

1. *Depositions; Special Interrogatories; Responsiveness.*—Where interrogatory requested that the party produce and attach as an exhibit the original of all letters received by plaintiff from defendant during the entire transaction to this suit, and in the answer the witness included copies of the letters sent by plaintiff to defendant as well as the letters and enclosed checks received from defendant by plaintiff, all of which had a dirct bearing on the question in dispute, the answer was not only responsive, but a part of it at least was material, and hence, it was error to sustain an objection to such answer because not responsive, and because illegal, irrelevant, etc.

2. *Same.*—Where the answers to interrogatories are material and responsive, an objection thereto cannot be made for the first time at the trial; the rule being that objections not going to the relevancy or legality of the evidence are waived if not made at the earliest possible moment.

3. *Exceptions; Bill of; Constructions.*—So much of the bill of exceptions as is necessary stated and considered and held to show that the part of the answer to the reading of which an objection is taken and sustained, following the part which was actually read, was excluded from the evidence.

4. *Evidence; Book Account; Admissions.*—Where the witness, who had been the bookkeeper for defendant, had no independent knowledge of the correctness of items entered on its books, and it was not shown that he made the entries involved, or that the entries were original or correct, deposition by such witness that he thought the books were correct would not authorize their admission, in an action on a stated account.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the Standard Talking Machine Company against D. O. Matthews Supply Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

[Standard Talking Machine Company v. D. O. Matthews Supply
Company, et al.]

The bill of exceptions shows as follows relative to the
answer of McCone to the fifth cross-interrogatory: "And
plaintiff read to the jury the following part of the an-
swer to cross-interrogatory No. 5, to Edward J. McCone,
by the defendant, to-wit, 'the very first knowledge we had
that any payment whatever was made to J. Font Smith
by the D. O. Matthews Supply Company was when we
received their letter dated February 18, 1907, marked
Exhibit C, and which letter did not reach us until after
J. Font Smith left our employ.' This part of the answer
to said cross-interrogatory No. 5 was read to the jury
by the plaintiff without objection on the part of the
defendant. When the plaintiff proceeded to read the
remainder of the answer to cross-interrogatory No. 5 to
the jury, the defendant objected upon the ground that
the remainder of said answer was not responsive to
cross-interrogatory No. 5, and was illegal, irrelevant,
and incompetent. The court sustained such objection
and refused to permit the plaintiff to read the remainder
of said answer to said interrogatory to the jury, and
the plaintiffs then and there excepted."

Defendant introduced one A. C. Braden as a witness,
who stated that he was a bookkeeper of the D. O. Mat-
thews Supply Company when Smith made the contract,
the basis of this suit, for the plaintiff with the defend-
ant, and, while he was on the stand, a copy of the books
of the defendant relative to the transactions here in-
volved was handed him, and he testified that he thought
the books were correct, and that he made the statement
for defendant from the books of the defendant, and the
statement was then offered and allowed in evidence.

W. P. & W. L. Chitwood, for appellant. A travel-
ing salesman has no implied authority to collect the

money agreed to be paid by a purchaser.—*Simon v. Johnson,* 101 Ala. 368; 16 Enc. P. & P. 196. The court erred in its action on the answer to cross interrogatories filed.—*A. G. S. v. Bailey,* 112 Ala. 167; *Morgan v. Clay,* 58 Ala. 301; 6 Enc. P. & P. 590. The court erred in admitting the books under the evidence offered relative thereto.—*Rice v. Schloss,* 40 Ala. 419; 5 Mayf. 7.

ALMON, ANDREWS & PEACH, for appellee. Counsel discuss the errors assigned, but without citation of authority.

PELHAM, J.—The action is on account, the pleas payment and the general issue. The appellant, plaintiff below, makes the point in the first assignment of error that the court erred in sustaining the defendant's objection to part of the answer of the witness McCone to cross-interrogatory No. 5, and in excluding on defendant's motion this part of the answer of the witness from the jury. Without making objections to the deposition or interrogatories propounded to the witness McCone, the defendant filed cross-interrogatories to the witness. On the trial of the case the plaintiff offered the deposition of this witness in evidence and read to the jury the answers to the direct and cross interrogatories, including a part of the answer to the fifth cross-interrogatory, before objection of any kind was made by the defendant. After the plaintiff had proceeded thus far in reading the deposition to the jury, the defendant interposed an objection to the latter part of the witness' answer to the fifth cross-interrogatory being read to the jury, on the ground that such part of said answer was not responsive, and because it was "irrelevant, illegal, and incompetent." The court sustained the objection and refused to permit the plaintiff to read the

remainder of the answer to the interrogatory to the jury.

That part of the cross-interrogatory No. 5 to which the answer of the witness purported to respond is as follows: "Produce and attach as an exhibit to your deposition the original of all letters received by the plaintiff from the defendant during the entire transaction to this suit." In referring to and setting out the letters in answer to this part of cross-interrogatory No. 5, the witness included copies of the letters sent by the plaintiff to the defendant, as well as the letters and inclosed checks received from the defendant by the plaintiff. All of the letters and copies had a direct bearing on the transaction in dispute, and the relevancy and materiality of the evidence excluded was apparent on its face. At least part of the matter stricken was strictly responsive.

The appellee suggests that it does not appear from the record what evidence was excluded. We cannot agree to this suggestion, for it seems to us to clearly appear, from that part of the answer and exhibits that are set out in the transcript immediately following the ruling of the court, that such matter is designated and referred to as excluded, and is the part of the answer excluded and as to which an exception was reserved by the plaintiff to the ruling of the court. This is made more apparent, and yet clearer, by the fact that the recitals in the bill of exceptions also show that the plaintiff offered to read some of the exhibits referred to in this part of the answer as set out, and, upon objection made by the defendant and sustained by the court, reserved an exception to the action of the court in not permitting these exhibits referred to in such part of the answer to be read to the jury.

[Standard Talking Machine Company v. D. O. Matthews Supply Company, et al.]

The rule is well settled in this state that, if the answers are responsive to the interrogatories and material to the issues, an objection to the deposition or answers made for the first time on the trial comes too late.— *L. & N. R. R. Co. v. Hall*, 91 Ala. 112, 119, 8 South. 371, 24 Am. St. Rep. 863; *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501, 14 South. 495; *Mississippi Lumber Co. v. Smith & Co.*, 152 Ala. 537, 44 South. 475.

It is a general rule founded on the soundest of reasons and with due regard to the basic principle that all rules of evidence are adopted for practical purposes in the administration of justice, that objections to evidence going to infirmities capable of being removed and not directed against its relevancy or legality (including that evidence in form of depositions) must be made at the earliest practical opportunity afforded for making them, or else they are waived.

Chief Justice Rice, as far back as the case of *McCreary v. Turk*, 29 Ala. 244, in delivering the opinion of the court in referring to objections made during the course of the trial and a motion to exclude a portion of one of the answers of a witness to the interrogatories because not responsive, said: "But when the deposition of a competent witness has been taken and returned in conformity to the statutes, it is erroneous to exclude any fact or opinion stated by him, which he was competent to state, and which is in its nature relevant, upon the objection, sprung on the trial, that the statement of the fact or opinion by him was not strictly responsive to the interrogatories, or upon any objection, sprung on the trial, which claims and discloses no more than that his answers are defective in stating either more or less than was called for by the interrogatories."

[Standard Talking Machine Company v. D. O. Matthews Supply
Company, et al.]

Chief Justice Brickell, speaking for the court in
*Sowell v. Bank, of Brewton,* 119 Ala. 92, 95, 24 South.
585, 587, cites *McCreary v. Turk, supra,* and quotes
approvingly from the opinion in that case on this rule
and says the reason for it is that "otherwise many in-
conveniences may arise to the delay of causes and to
the injury of parties." The Chief Justice further says
in that connection in this opinion (119 Ala. 96, 24
South. 587): "The defendants suffered the plaintiff
to enter on the trial relying on this evidence, having
opportunity to object to its admissibility, but raised
no objection until the deposition was being read. We
hold that the objection came too late—that it could
not be *sprung on the trial,* to the delay of the cause or
at the hazard of greater injury to the plaintiff."

The case of *McCreary v. Turk, supra,* is very much in
point with the case in hand on this question and has
been many times cited with approval on the proposition
under consideration. See *Abercrombie v. Allen,* 29 Ala.
283; *Harris v. Miller,* 30 Ala. 223; *Brice v. Lide,* 30
Ala. 649, 68 Am. Dec. 148; *Pool v. Devers,* 30 Ala. 675;
*Hudson v. Howlett,* 32 Ala. 480; *Thompson v. Rawles,*
33 Ala. 32; *Walker v. Walker's Ex'r,* 34 Ala. 469; *Salt-
marsh v. Bower,* 34 Ala. 619; *Park v. Wooten's Ex'rs,*
35 Ala. 246; *Clement v. Curcton,* 36 Ala. 124; *Cheek v.
State,* 38 Ala. 236; *Aicardi v. Strang,* 38 Ala. 328; *Grey's
Ex'r v. Mobile Co.,* 55 Ala. 398, 28 Am. Rep. 729; *L. &
N. R. R. Co. v. Brown,* 56 Ala. 413; *Moore v. Robinson,*
62 Ala. 542; *M. & C. R. R. Co. v. Maples,* 63 Ala. 607;
*Toliver v. State,* 94 Ala. 112, 10 South. 428; *Sowell v.
Bank of Brewton,* 119 Ala. 95, 24 South. 585; *Missis-
sippi Lumber Co. v. Smith,* 152 Ala. 537, 44 South. 475.

In the latest case we have found approving the rule
laid down in and citing *McCreary v. Turk, supra* (*Miss.*

13 CA

*Lumber Co. v. Smith,* the case last above cited), it is said (152 Ala., 540, 44 South. 476): "Another well-established rule is that, even if the answers to interrogatories are not responsive, the objection cannot prevail when made for the first time during the trial."

We are of the opinion that, under the rule firmly established by a long line of decisions of the Supreme Court of the state, the defendant's objection to part of the answer of the witness McCone to cross-interrogatory No. 5 came too late, and that the court was in error in sustaining the objection and excluding this evidence.

The objection made to the introduction in evidence of the paper containing a statement from the books of defendant copied by the witness Braden, and made the basis of the second assignment of error, was also well taken. The witness said he "thought" the defendant's books were correct. It was shown that the witness had been the defendant's bookkeeper, but it was not shown that the witness had any independent knowledge of the correctness of these items, or that the particular entries were made by the witness on the books, or that they were original entries or that they were correct. Under such proof, the paper containing the statement of these items should not have been allowed to go to the jury as evidence of the correctness of the entries or items against the objection of the plaintiff.

Discussion of the other errors assigned is unnecessary, and could be of no benefit. The case must be reversed for the errors pointed out.

Reversed and remanded.