# Young *v.* The State.

### *Embezzlement.*

(Decided December 18, 1913.   64 South. 171.)

1. *Evidence; Book Accounts; Items.*—A witness cannot testify to
entries on books, or to items on statements of account when he
had no personal knowledge of their correctness, although such a wit-
ness could testify that statements had been received from a bank
to show the existence of the bank.

2. *Appeal and Error; Harmless Error; Evidence.*—Although the
evidence of embezzlement of a check was complete without the ille-
gal proof of a witness from a bank statement of the correctness of
which he had no knowledge, that the check alleged to have been
embezzled had been charged against the prosecuting witness' ac-
count, yet, when taken together with proof that the check had
been deposited by defendant to his own account, and that defend-
ant was employed by complainant and authorized to draw checks,
the admission of the illegal evidence was prejudicial as tending to
show a guilty intent.

3. *Same; Waiver.*—Where a defendant properly objects and ex-
cepts to the admission of a paper in evidence, he cannot be held to
have waived the error, nor be held not to be prejudiced thereby be-
cause the paper was afterwards admitted over his objections on the
same grounds, but to which he did not reserve any exception.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Hardaway Young was convicted of embezzlement, and
he appeals.   Reversed and remanded.

WEBB & MCALPINE, for appellant. The precise question here raised was presented in the case of *Walling v. Morgan County*, 126 Ala. 342, and it was there held that a witness could not testify to entries on the books, or to items of the statement of accounts of which he had no personal knowledge. Objections were interposed and exceptions reserved, and error was not cured by the subsequent admission of the same testimony over the same objection, but without reserving any exceptions.—*L. & N. v. Perkins*, 165 Ala. 471. Counsel insist that defendant was entitled to the affirmative charge because the evidence failed to support the charge in the indictment.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and GREGORY L. & H. T. SMITH, for appellee. The check was a bank check.— 10 Wall. 647; 18 Wall. 620; 94 N. E. 819; 118 N. W. 240; 123 U. S. 105. The defendant drew the check as president of the bank, and therefore cannot insist that it did not come into his possession by virtue of his office.—Sec. 6842, Code 1907; 27 Ohio Cir. 662; 7 Dec. Dig. Sec. 61; 71 Pac. 771; 91 N. Y. 17; 42 N. E. 299. There was no error in admitting the evidence, first, because the answers were favorable to the defendant (*Roden v. State*, 5 Ala. App. 247) and second, because some of the questions were never answered.—(*Wall v. State*, 2 Ala. App. 157.) There was no error in permitting the questions as to the entry on the bank statement, because the statement was afterwards put in evidence without exception.—*Wall v. State, supra; Shaw v. Cleveland*, 5 Ala. App. 333; *W. U. T. Co. v. Rowell*, 165 Ala. 651. It was also competent as tending to show the existence of the bank. Its admission was also rendered harmless by the charge of the court. Counsel

discuss other assignments of error, with citation of authority, but it is not deemed necessary to here set them out.

PELHAM, J.—The general charge requested by the defendant was properly refused. Undoubtedly there was sufficient evidence before the court of the defendant's guilt of the crime of embezzlement, the charge against him, to require the submission of that question to the jury. In fact, we think, on the evidence set out in the bill of exceptions, the court was not justified in taking from the jury at the defendant's request, the question of his guilt of having embezzled money, as the evidence was sufficient to support a finding by the jury of this charge, a charge clearly embraced in the indictment upon which he was tried. We deem it proper to say this for the guidance of the court below on another trial, in view of the fact that the case must be reversed for errors of the court committed in rulings on the admission of testimony hereinafter to be pointed out and discussed.

The check, alleged to have been the property of a Mobile Hardware company, that it was contended by the state the defendant had embezzled while an officer of that company was drawn on a bank in New York, and, the existence of this institution having been questioned, and thus made an issue, the testimony of the state's witness Pugh, who was an employee of the hardware company, to the effect that the hardware company had in the due course of business received statements through the mail from this bank might have been competent for the purpose of identifying the paper as the one received as having a tendency to show the existence of the New York bank, as is contended in brief filed by state's counsel; but it was clearly error for the

court to allow the witness to read from this paper to the jury the items set out in the statement, showing, among items of the account, the entries of payment by the bank, and a charging by it to the account of the hardware company of the check drawn by the defendant in the name of his principal which had been deposited to his personal account in a Mobile bank, and for which he was on trial for having embezzled from the hardware company. A witness should not be allowed to testify to entries on books or items on statements of accounts when he has no personal knowledge of their correctness, and it is error to admit such evidence against objection seasonably interposed.—*Davie v. Roland,* 3 Ala. App. 567, 57 South. 1034; *Plott v. Foster,* 7 Ala. App. 403, 406, 62 South. 299; *Standard T. M. Co. v. Matthews Sup. Co.,* 6 Ala. App. 188, 60 South. 481; *Wagner Lumber Co. v. Sullivan Logging Co.,* 120 Ala. 558, 24 South. 949; *Walling v. Morgan Co.,* 126 Ala. 326, 342, 28 South. 433; *North Birmingham L. Co. v. Sims & White,* 157 Ala. 595, 48 South. 84.

Although it might be conceded that the nature of the evidence was such that the proof of embezzlement of the check was complete without this illegal proof introduced of its payment, yet the payment of the check by the New York bank, and the fact that it was charged against the account of the hardware company, of which the defendant was an officer, and for whom it was shown he had and exercised the right to draw proper checks for and in the name of his principal in the course of business, was so interwoven with the entire transaction going to show defendant's guilty intent in connection with the embezzlement of the particular check in question that we cannot say that it was without injury or prejudice to him in the minds of the jury in determining his guilt or innocence of the charge of

which he was convicted, although the court did charge the jury that they could not find him guilty of the charge of embezzling money. This evidence was not excluded, but, on the contrary, was allowed to remain before the jury, and we think its natural tendency, in connection with the other evidence set out in the bill of exceptions, was to show a guilty intent on the part of the defendant with respect to the charge of having embezzled this particular check, and probably had just such an effect on the jury, and its unauthorized and illegal admission in evidence against the objection and duly reserved exception of the defendant necessitates a reversal of the judgment of conviction.

There is no merit in the suggestion that the defendant was not prejudiced by the admission of this testimony, because the bill of exceptions shows that the statement containing these items was subsequently admitted in evidence. The subsequent admission in evidence of the statement is affirmatively shown to have been against the defendant's stated objection on the general grounds of being incompetent, irrelevant, and immaterial, and the further ground that it was not shown that the witness Pugh, in connection with whose testimony the statement was offered, had any knowledge of the correctness of said statement. That no exception is shown to have been or was in fact reserved to the court's ruling on this objection would not amount to a waiver or abandonment of the former objections made and exceptions reserved to the court's action in permitting the witness to read to the jury the items of the account, nor would such admission over defendant's objection show acquiescence or waiver on the part of the defendant as to the admission of the illegal evidence, or render the former erroneous ruling without injury or prejudice to the defendant.

The further suggestion contained in the state's brief to the effect that the question of indebtedness between the New York bank and the hardware company in Mobile not being an issue in the case, the fact that the witness was allowed to read the items from the bank's statement showing that the former had charged the check alleged to have been embezzled to the latter's account, was a matter of no concern to the defendant, and could not have been prejudicial, is not tenable. It was a material fact having a tendency to show the defendant's guilt of the crime charged against him—that is, to show a guilty intent of embezzling the check, or fraudulently converting the proceeds to his own use, when it is taken and construed in connection with the other evidence that the check was deposited to the defendant's credit in a Mobile bank, and that the defendant was an officer of the hardware company, having the right and authority to draw checks for it to be properly charged and credited in the due course of business dealings.

Other questions presented do not seem to us to show error or require discussion. For the error pointed out, the judgment of the lower court is reversed.

Reversed and remanded.