# Crosswhite r. Chattanooga Brewing Co.

### Assumpsit.

(Decided May 12, 1914. 65 South. 298.)

1. *Depositions; Defects and Objections; Exhibits.*—The fact that some exhibit or exhibits which were attached to a deposition were not properly identified did not afford grounds of objection to the entire deposition, or sustain a motion to suppress or exclude it in its entirety; the proper motion being to exclude or suppress the exhibits.

2. *Same; Identification.*—Where exhibits to a deposition were specifically referred to by the testimony of a witness and identified as an exhibit marked by a designated letter and securely fastened to the deposition they were sufficiently identified to be received in evidence, although not referred to in the certificate of the commissioner.

3. *Same; Necessity of Exception.*—Where no objections are filed to interrogatories, and the answers and exhibits are responsive and material the adverse party cannot be heard to object to such deposition for the first time on the trial.

4. *Witnesses; Examination; Scope and Extent.*—Where nothing relative to the matter had been brought out by cross-examination, it was within the discretion of the court to refuse to permit the defendant, on a redirect examination to testify as to a telephone conversation had with plaintiff, a corporation in a distant city, in which conversation plaintiff admitted that a given amount was the balance due on the account sued on.

5. *Evidence; Admission; Authority of Agent.*—Where plaintiff was a corporation a conversation over a phone between defendant and an individual was not admissible against the corporation without proof that such individual was authorized to. bind the corporation.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the Chattanooga Brewing Company against J. A. Crosswhite in account and account stated. Judgment for plaintiff and defendant appeals. Affirmed.

JACKSON & DELONY, for appellant. The purported exhibits under the circumstances could not properly be regarded as a part of the depositions and were not admissible in evidence for any purpose.—*Apfel v. Crane,* 83 Ala. 312. Defendant was entitled to state that plaintiff told him over the phone that the full indebtedness was $318.00 since the suit was brought for $464.00.— *Ry. Co. v. Hurt,* 101 Ala. 34; Greenl. on Evid. sec. 161.

KIRK, CARMICHAEL & RATHER, for appellee. The exhibits were sufficiently attached and identified.—*Parson v. Boyd,* 20 Ala. 112; *Roberts v. Fleming,* 31 Ala. 683; *Stetson v. Lyon,* 34 Ala. 140; *Gulf C. I. Co. v. Stephens,* 51 Ala. 121. No objection of any kind was made to the interrogatories propounded, and as the answers were responsive and material objection cannot be made for the first time at the trial.—*L. & N. v. Hall,* 91 'Ala. 112; *Ala. Nat. Bank v. Rives,* 116 Ala. 1; *Sowell v. Bank,* 119 Ala. 93; *Creel v. Keith,* 148 Ala. 233; *Mississippi L. Co. v. Smith,* 152 Ala. 537; *Standard T. M. Co. v. Matthews,* 60 South. 481; *Milliken v. Maund,* 110 Ala. 332. The telephone conversation was not admissible.—12 Enc. of Evid. 477; 29 Pa. Sup. Court, 366; *L. & N. v. Hurt,* 101 Ala. 304. In any event it was within the discretion of the court to permit this ques-

[Crosswhite v. Chattanooga Brewing Co.]

tion, as no matter touching it was brought out on direct examination.

PELHAM, J.—The suit was on account and account stated, brought by the appellee against the appellant to recover a balance of about $500, alleged to be due on a running account between the parties, aggregating in the course of their dealings something over $3,500. A judgment based on the finding of a jury, was recovered for the amount sued for.

The appellee, being a nonresident corporation, made proof of the account by. the testimony of nonresident witnesses in the employ of the appellee by taking their depositions. These depositions were duly and regularly taken and returned into court without objections to the direct interrogatories, or cross-interrogatories having been filed by the appellant. There was no regular motion made to suppress the depositions before entering upon the trial, but the bill of exceptions recites that "before entering into the trial the defendant objects to the deposition" upon the ground that the exhibits attached to the depositions were not properly identified. The bill of exceptions also shows that the court examined the depositions and exhibits, and thereupon overruled the appellant's objections. It could hardly be said to be a valid ground for objection to the entire deposition, or for a motion to suppress or exclude it in its entirety, because some exhibit, or exhibits, attached to it were not properly identified. The proper practice would be to move to exclude or suppress the papers which were undertaken to be made exhibits to the depositions. Further along, however, the bill of exceptions shows that when the appellee offered to read these exhibits to the jury, the appellant separately objected to each on the same grounds, and reserved a separate ex-

ception to the action of the court in overruling the objections and permitting the exhibits to be treated as a part of the deposition and read to the jury. The original depositions have been certified to this court for inspection, and we find, upon examination, that although the exhibits to these depositions are not referred to in the certificate of the commissioner, they are specifically referred to in every instance in the testimony of the witness taken by the commissioner, and are identified and referred to in each instance by the various witnesses as being filed with the commissioner and attached to the deposition as an exhibit that is marked by the designating letter or character shown upon the exhibit. These exhibits containing the marks of identification as referred to by the witnesses in their respective depositions, are securely fastened to the depositions, and, together with the commission, interrogatories, answers. and certificate returned (all fastened together) under seal in due form by the commissioner into court. The certificate fulfills the requirements of the law by being in substantial compliance with the statute (*Gulf City Ins. Co. v. Stephens,* 51 Ala. 121; *Stetson v. Lyons,* 34 Ala. 140), and the exhibits are sufficiently identified in each instance by the testimony of the witness. taken by the commissioner, and failure of the commissioner to further identify them in his certificate, or otherwise, under the circumstances shown, would be but a matter of form, and the objections of the appellant thereto, even granting that they were seasonably made in a manner to properly present the question (which we do not decide), would not be meritorious, as no irregularity is shown of which the appellant is entitled to complain. A witness may identify exhibits by his testimony so as to make them properly receivable in evidence.—*Pope v. Anthony,* 29 Tex. Civ. App. 298, 68 S. W. 521. The

[Crosswhite v. Chattanooga Brewing Co.]

case cited by appellant (*Apfel v. Crane, et al.,* 83 Ala. 312, 3 South. 863) is not in the way of what we have said or the conclusion reached. In that case the papers that were offered in evidence 'in connection with the deposition" were not attached to the deposition, contained no marks of identification, and *"no description was given of them in the deposition by way of reference, such as would constitute these documents exhibits to the deposition."* In this case the exhibits were securely attached to the deposition by metal fasteners, and also by tape and sealing wax, and a description given by the witness in each instance in his deposition, referring to the attached exhibit by a distinguishing letter or figure marked upon it as an exhibit to the deposition, characterizing and properly designating it, whereby it could readily and accurately be identified.

The contention of appellant's counsel that as some of the exhibits were copies of original papers they should not have been admitted without laying a proper predicate is not well founded. No objections were filed to the questions, and the answer and documents produced were directly responsive to the interrogatories. Objections of this nature come too late when made for the first time on the trial.—*Miss. Lumber Co. v. Smith & Co.,* 152 Ala. 537, 44 South. 475; *Creel v. Keith,* 148 Ala. 233, 41 South. 780; *Standard Talking Mach. Co. v. Matthews,* 6 Ala. App. 188, 60 South. 481, and authorities there cited.

The court was not in error in sustaining the appellee's objection to the question asked the appellant on redirect examination when being examined as a witness in his own behalf relative to a conversation over the telephone he had had with "the plaintiff" (appellee) in a distant city as to a request made of him to pay a balance due, claimed at that time by "plaintiff" to be

$218. In the first place nothing had been brought out on the cross-examination of the witness relative to this matter, and whether or not the court would permit a question on redirect examination not in rebuttal of matters brought out on cross-examination was discretionary.—*Whatley v. State,* 144 Ala. 68, 39 South. 1014; *McBride v. Sullivan,* 155 Ala. 166, 45 South. 902; *Treadwell v. State,* 168 Ala. 96, 53 South. 290. Besides, the appellee was a corporation, and before the answer to the question in this form was allowed to be given to the jury, it was entitled to know if the individual with whom the appellant had the conversation over the telephone was authorized to bind the appellee company in making the declaration against interest that was attempted to be shown. Objection made to the question sustained by the court pointed out this ground of objection to it.

Sufficient predicate was not laid authorizing proof of the contents of the draft that the appellant was asked to testify about when being examined as a witness in his own behalf, and the court properly sustained the objection to the question seeking to elicit that testimony. —*Potts v. Coleman,* 86 Ala. 94, 5 South. 780; *Foster v. State,* 88 Ala. 187, 7 South. 185.

We find nothing in the record pointed out by appellant in assignments of error justifying a reversal, and the judgment of the lower court will be affirmed.

Affirmed.