## Jackson *v.* The State.

Larceny.

(Decided May 18, 1916.   71 South. 977.)

1. **Larceny; Affidavit; Ownership.**—An affidavit alleging that the property stolen was the personal property of the Birmingham Packing Company, a corporation, was not insufficient as for a failure to show whether the owner of the property was a partnership or a corporation.

2. **Affidavit: Sufficiency; Statute.**—Under § 6703, Code 1907, an affidavit which follows the very language of the statute is sufficient.

3. **Criminal Law; Probable Cause; Good Faith.**—The question of whether probable cause or good faith is shown by an affidavit charging petty lar-

[Jackson v. The State.]

ceny, is a question addressed to the committing magistrate, and the trial under the charge cannot be converted into a trial of the good faith of the affiant, nor can any inquiry be made whether the facts in his knowledge or on which he bases his belief constituted probable cause.

4. **Affidavit; Probable Cause; Sufficiency.**—An averment in an affidavit that, in the opinion of the affiant, he has probable cause for believing, etc., is faulty in the use of the expression "in the opinion of affiant."

5. **Larceny; Evidence; Stock List.**—Where the prosecution was for petty larceny, the stealing of a ham and other meats, an objection to a question to an employee of the company from which the meat was stolen, whether he could tell from his stock list if any meat had been missed, and how, should have been sustained, where the stock list was not introduced in evidence.

6. **Same.**—In such a case the stock list of the corporation was not competent evidence without the correctness of the original entries being authenticated and verified by the clerk making them, or his handwriting proven, in the case of his death, insanity or absence from the state.

7. **Recent Possession.**—The corpus delicti must be proven aliunde before evidence of the recent possession of the stolen chattel can be admittd.

APPEAL from Jefferson Criminal Court.

Heard before Hon. JOHN H. MILLER.

John Jackson was convicted of petit larceny, and he appeals. Judgment reversed and cause remanded.

Omitting formal charging part, the affidavit is as follows: F. M. Phillips, who has probable cause to believe, and does believe, who being duly sworn says, that John Jackson, whose name is otherwise unknown to affiant, within 12 months before making this affidavit in said county, did feloniously take and carry away one ham of the value of $2.61, and one side of salt meat of the value of $3, the personal property of the Birmingham Packing Company, a corporation.

MCARTHUR & HOWARD, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

EVANS, J.— (1-4) Appellant was convicted of petit larceny. His demurrers to the affidavit or sworn complaint are without merit. The first of these objects that: "Said affidavit fails to show whether the alleged owner of said property, the Birmingham Packing Company, is a partnership or a corporation."

The language of the affidavit sufficiently answers, It is laid as "the personal property of the Birmingham Packing Company, a corporation." The second and third grounds of demurrer chal-

lenge the sufficiency of the averments of the affidavit as to prob-
able cause. The affidavit sets forth that affiant "has probable
cause to believe, and does believe," etc., following the language
of the statute (Code 1907, § 6703) ipsissimis verbis, which is
sufficient.—*Malloy v. State,* 165 Ala. 117, 50 South. 1027; *Mazett
v. State,* 11 Ala. App. 317, 66 South. 871. The question of wheth-
er probable cause is shown is one addressed to the committing
magistrate, and the trial court is not, and cannot be, converted
into a trial of the good faith of affiant, "nor can any inquiry be
made whether the facts in his knowledge, or on which he based
his belief, constituted probable cause, or were sufficient to gen-
erate a reasonable belief of the guilt of the accused."—*Sullivan
v. State,* 68 Ala. 525. A categorical averment that affiant "has
probable cause for believing, and does believe," is, under the
statute, a sufficient averment of probable cause; but an aver-
ment that in the opinion of affiant he has probable cause for
believing is faulty.—*Butler v. State,* 130 Ala. 127, 30 South. 338.

(5, 6) On cross-examination of one Phillips, a state witness,
the bill of exceptions recites as follows: "I know this meat to
be ours by the cut it has, as every packer knows his own meat
by its cut. We keep a stock list, which shows the goods on hand
in the place of business at the close of business on each day. It
was part of my duty to examine this stock list every evening,
and that is how I know that this property was missed by us and
had been taken from the company. I can always tell from the
stock list what has been regularly sold and that which has not
been. I did not make out the stock list myself. We had other
men working for us at the time, and one of them makes out the
stock list each day, and I check over personally the stock on
hand and compare the list and stock each day as to its correct-
ness."

The witness was then asked this question by the court:
"Could you tell by your stock list if any meat had been missed
and, if so, how?"

The defendant objected to the question on the ground that
it "called for illegal, incompetent, and irrelevant testimony, as
it was shown by the evidence that the witness did not make out
the stock list," and duly excepted to the overruling of his ob-
jection. A motion was also made to exclude the answer on the
same ground urged to the question and an exception reserved to

the court's refusal so to do. The objection to the question was, in our opinion, well taken, and the learned trial court was in error in admitting the testimony called forth over defendant's objection. The stock list was not introduced in evidence, nor indeed could be without the correctness of the original entries being authenticated or verified by the clerk making them, or his handwriting proved in the event of his death, insanity, or being out of the state.—*McDonald v. Carnes,* 90 Ala. 147, 7 South. 919; *Hart v. Kendall,* 82 Ala. 144, 3 South. 41; *Young v. State,* 9 Ala. App. 55, 64 South. 171; *Bolling v. Fannin,* 97 Ala. 619, 12 South. 59; *Walling v. Morgan County,* 126 Ala. 327, 28 South. 433; *Lane v. May & Thomas Hdw. Co.,* 121 Ala. 296, 25 South. 809; *Minge & Co. v. Barret Bros. Shipping Co., infra,* 70 South. 962. State's witness Phillips'. testimony was based on the idea that a theft had occurred because the stock on hand did not tally or check correctly with an unauthenticated stock list which was not in evidence. Had this stock list been properly authenticated and introduced in evidence it would then have been within the province of the jury to say whether from all the evidence a case had been made out beyond a reasonable doubt, but manifestly without such it was tantamount to permitting the witness to draw his own inferences as to guilt and, moreover, to prove the corpus delicti thereby.

(7) It is true that the other state's witness, Policeman Brown, testified to having found the meat at a house frequently resorted to by the defendant, but before evidence can be admitted of the recent possession of stolen chattels, the corpus delicti must be proven aliunde.—*Fuller v. State,* 48 Ala. 273.

For the error pointed out, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.